■ In the Matter of 86 FLUSHING RESTAURANT CORP., Doing Business as RUDY CAPRI's, Respondent, v NEW YORK STATE LIQUOR AUTHORITY, Appellant.—In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Liquor Authority, dated July 5, 1988, which, *inter alia,* canceled the petitioner's liquor license, the New York State Liquor Authority appeals from an order of the Supreme Court, Kings County (G. Aronin, J.), dated February 6, 1989, which annulled the penalty and remitted the matter to the appellant for the imposition of a new penalty.

Ordered that the court's own motion, the appellant's notice of appeal is treated as an application for leave to appeal, the application is referred to Justice Bracken and leave to appeal is granted by Justice Bracken *(see,* CPLR 5701 [b] [1] ); and it is further,

Ordered that the order is affirmed, without costs or disbursements.

The petitioner admitted that it had refused to appear at an interview sought by an investigator for the appellant New York State Liquor Authority. While this may constitute a violation of the appellant's regulations *(see, e.g.,* 9 NYCRR 53.1 [o] ), the penalty of cancellation is shocking to one's sense of fairness *(see, Matter of Club Illusion v State Liq. Auth.,* 25

AD2d 865). The Supreme Court properly remitted the matter to the appellant, and set forth "the maximum penalty the record will sustain" *(Rob Tess Rest. Corp. v New York State Liq. Auth.,* 49 NY2d 874, 876). Bracken, J. P., Kooper, Sullivan and O'Brien, JJ., concur.