■ In the Matter of PYRAMID LOUNGE, INC., Respondent, v NEW YORK STATE LIQUOR AUTHORITY, Appellant.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Liquor Authority, dated December 1, 1988, suspending the petitioner's license to sell liquor for a period of 20 days (15 days forthwith and 5 days deferred) and imposing a $1,000 bond forfeiture, the appeal is from an order and judgment (one paper) of the Supreme Court, Nassau County (O'Shaughnessy, J.), entered May 31, 1989, which granted the petition to the extent of remitting the matter to the respondent for "review of the penalty and the imposition of an appropriate penalty".

Ordered that on the court's own motion, the appellant's notice of appeal is treated as an application for leave to appeal, the application is referred to Justice O'Brien, and leave to appeal is granted by Justice O'Brien (see, CPLR 5701 [b] [1]); and it is further,

Ordered that the order and judgment is modified, on the law, by adding to the end of the decretal paragraph thereof the following: "the penalty is not to exceed a suspension of the petitioner's license for a 10-day period"; as so modified, the order and judgment is affirmed, without costs or disbursements.

The petitioner pleaded "no contest" to a violation of Alcoholic Beverage Control Law § 106 (6) and State Liquor Authority rule 53.1 (9 NYCRR) by maintaining a Joker Poker machine on the premises in August 1987. The State Liquor Authority (hereinafter the SLA) imposed a penalty of a 20-day license suspension (five days deferred) and a $1,000 bond forfeiture. Under the circumstances, including the petitioner's unblemished record with the SLA since 1981, we find that the Supreme Court properly determined that the penalty imposed was excessive and remitted the matter to the SLA for imposition of an appropriate penalty (see, Matter of 3275 Byron Ave. Corp. v New York State Liq. Auth., 161 AD2d 600; Matter of PJP Tavern Corp. v New York State Liq. Auth., 152 AD2d 578). In addition, we find that under the circumstances of this case a penalty in excess of a suspension of the petitioner's license for a 10-day period would be shocking to one's sense of fairness (Matter of Pell v Board of Educ., 34 NY2d 222). Mangano, P. J., Kooper, Rosenblatt and O'Brien, JJ., concur.