■ In the Matter of ROAN AMBER INN, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Liquor Authority, dated November 15, 1989, which, after a hearing, suspended the petitioner's license to sell liquor for 10 days.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

There is substantial evidence to support the respondent's determination that the petitioner "suffered or permitted" gambling on the premises in violation of Alcoholic Beverage Control Law § 106 (6) and that it maintained a video display game on the premises in violation of 9 NYCRR 53.1 (t) (see, Matter of Plato's Cave Corp. v New York State Liq. Auth., 68 NY2d 791; 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176; Matter of Cos Dei San v New York State Liq. Auth., 147 AD2d 370; cf., Matter of 162 Gardiners Ave. Lounge v New York State Liq. Auth., 171 AD2d 662). In

addition, the penalty imposed, a 10-day suspension of the petitioner's liquor license, was not so severe as to be shocking to one's sense of fairness *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222; *Matter of Pyramid Lounge v New York State Liq. Auth.,* 175 AD2d 131; *Matter of PJP Tavern Corp. v New York State Liq. Auth.,* 152 AD2d 578; *Matter of MNDN Rest. v Gazzara,* 128 AD2d 781). Harwood, J. P., Balletta, Rosenblatt and Santucci, JJ., concur.