◼ In the Matter of Mei Chi Liquor Corporation, Petitioner, v New York State Liquor Authority, Respondent. [599 NYS2d 587] —Determination of respondent New York State Liquor Authority, dated October 23, 1992, which imposed a penalty of revocation of petitioner Mei Chi Liquor Corporation's off-premises liquor license and a $1,000 bond forfeiture, annulled, on the law, to the extent of vacating the penalty and remanding the matter to respondent for reconsideration and imposition of an appropriate penalty, and otherwise confirmed, without costs.

Lina Fang, president of petitioner Mei Chi Liquor Corporation, owns and operates a liquor store in Brooklyn, New York. She was arrested in Elizabeth, New Jersey on November 14, 1989 after purchasing $4,195.89 in liquor from a retailer. She

was charged with the transportation of an excessive amount of alcohol without obtaining a special permit for which the fee is $5 (NJ Rev Stat § 33:1-2) and the liquor confiscated. She later signed a stipulation and paid a fine of $250. The charges were eventually dismissed.

On October 30, 1990, Ms. Fang and her accountant were interviewed by agents of respondent and her books reviewed. She was questioned about the incident and subsequently charged with receiving alcoholic beverages from a person not duly licensed within this State by respondent to sell them. At a hearing, the report of an agent, no longer employed by respondent, who conducted the October 30 interview was introduced, which asserted that Ms. Fang had stated the liquor was purchased for use in connection with her business. Ms. Fang maintains that she told the agents that the liquor was for her personal use at a Christmas party. This statement is corroborated by the affidavit of the accountant, annexed to her petition. The report itself refers to the interview of a New Jersey State Police Inspector who informed the agent that the same assertion is contained in statements filed in the New Jersey proceeding.

While we find the evidence sufficient to sustain the technical violation of the regulation, the penalty imposed is excessive. Respondent does not dispute that Ms. Fang has never been charged with any other violation by respondent or any other agency, and the penalty effectively deprives her of her livelihood. This penalty is so disproportionate as to shock the sense of fairness, greatly exceeding penalties imposed for more substantive violations (*e.g., Matter of Cos Dei San v New York State Liq. Auth.,* 147 AD2d 370, *lv denied* 74 NY2d 611 [30-day suspension and $1,000 bond forfeiture for technical violation of gambling rule vacated]; *Matter of Show Boat v State Liq. Auth.,* 33 AD2d 954, *affd* 27 NY2d 676 [cancellation for trafficking in narcotics modified to three-month suspension]). Consequently, we remand to respondent solely for reconsideration of the penalty imposed. Concur—Wallach, Kupferman and Rubin, JJ.

Sullivan, J. P., dissents in a memorandum as follows: Petitioner, the holder of an off-premises liquor license, was, after a hearing, found guilty of a violation of Alcoholic Beverage Control Law § 102 (3-b), based on the purchase by its principal, Lina Fang, of $4,195.89 worth of liquor from a New Jersey licensee, not duly licensed within this State. Petitioner did not present any evidence at the hearing, resting at the conclusion of the Liquor Authority's case. Although Ms. Fang,

at an investigative interview, admitted making the purchase at issue on November 14, 1989, in addition to smaller purchases prior to that date, for resale in the licensed premises, she now insists that she purchased the liquor in question, consisting of 173 bottles of liquor and six gift packs of various brands of whiskey, "for personal use for the Christmas holidays". This defense, which the majority makes much of, is being raised for the first time in this CPLR article 78 proceeding. An agency intelligence report notes that Ms. Fang told the New Jersey State Police investigator who arrested her for the illegal transportation of alcoholic beverages that she purchased the beverages for her own personal use. However, according to the record before the administrative agency, this defense was never asserted as such at the Liquor Authority investigative interview or at the hearing.

In any event, the finding that petitioner purchased the liquor for resale is supported by substantial evidence.

Nor was the imposition of a sanction of revocation and $1,000 bond forfeiture an abuse of discretion. By purchasing liquor for resale in violation of Alcoholic Beverage Control Law § 102 (3-b), petitioner, licensed by this State for the sale of liquor, has cheated the State of its right to tax revenues, deprived licensed New York State wholesalers of business which rightfully should be theirs and obtained an unfair economic advantage over its competitors. These are legitimate concerns of the State and its citizens. This flagrant violation should not be treated lightly and, if such conduct is to be deterred, an effective response is required.