■ In the Matter of K T D ENTERPRISES, INC., Doing Business as DAPPERS, Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [613 NYS2d 739] —Mercure, J. P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which revoked petitioner's liquor license.

Petitioner is the owner of a bar in the City of Watervliet, Albany County. On November 1, 1991, apparently responding to a complaint from an official at an area college, several State Troopers entered petitioner's bar during a $5 all-you-can-drink special and found between 23 and 32 underage individuals to be in possession of alcoholic beverages. According to respondent, at least 12 youths received alcoholic beverages directly from petitioner's principal or employees and at least 11 more were permitted to receive alcoholic beverages from other patrons. The evidence also indicated that nine of the individuals used false identification, seven eluded the doorkeeper and four entered without being requested to show proof. The doorkeeper on the night in question was not a regular employee, had no prior experience checking identification and, according to members of the State Police, only sporadically checked patrons' identification.

Respondent initiated a proceeding to revoke petitioner's liquor license by written notice charging that petitioner sold alcoholic beverages to a person under the age of 21 years, in violation of Alcoholic Beverage Control Law § 65 (1). Following a hearing before an Administrative Law Judge, respondent,

*inter alia,* revoked petitioner's liquor license. Petitioner challenges respondent's determination in this CPLR article 78 proceeding, transferred to this Court pursuant to CPLR 7804 (g).*

We reject petitioner's primary contention that, in view of petitioner's prior unblemished record, the penalty of revocation was harsh and excessive. Penalties imposed by governmental agencies will be modified only if the penalty is "so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness" *(Matter of GCA Rest. v New York State Liq. Auth.,* 171 AD2d 489, 490; *see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 233). Although this was the first offense for which petitioner was found guilty, the sheer magnitude of the violation, involving at least 20 underage college students participating in a fixed-price bacchanalia and posing a genuine danger of death or serious injury, justified the penalty.

We are not impressed with petitioner's efforts to lay the blame on its inexperienced doorkeeper, called into service due to the usual employee's unavailability on that particular occasion. Significantly, petitioner's principal testified that he was on the premises on the evening of November 1, 1991 and put the neophyte in charge of the door while he attended to the apparently more important function of drawing pitchers of beer. Further, the evidence showed that, despite their knowledge of the doorkeeper's inexperience, the bartenders did not check patrons' identification or take precautions necessary to prevent pitchers of beer from being passed from the bar to unknown patrons. Under the circumstances, we conclude that the penalty imposed was not so disproportionate to the offense as to be shocking to one's sense of fairness. As stated by the Court of Appeals in *Schaubman v Blum* (49 NY2d 375, 379): "[I]n determining whether a given penalty is disproportionate in light of all the circumstances of the case * * * the court must consider not only the harm actually caused by the incident in issue, but also the substantial public harm which might be caused by repeated violations and the deterrent effect which a substantial penalty might have on the individual violator and upon others who might be tempted to engage in similar misdeeds."

---

* Because the petition does not raise an issue of substantial evidence, Supreme Court's transfer of the proceeding was inappropriate. Nonetheless, we shall retain jurisdiction in the interest of judicial economy *(see,* CPLR 7804 [g]; *Matter of Jain v Sobol,* 199 AD2d 934, *lv denied* 83 NY2d 753; *Matter of Martin v Platt,* 191 AD2d 758, 759, n, *lv denied* 82 NY2d 652).

We reject petitioner's remaining contentions, including the argument that it was entitled to oral argument at respondent's final meeting; 9 NYCRR part 54 contains no such requirement *(see,* 9 NYCRR 54.4 [f], [g]).

Crew III, White, Casey and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.