■ In the Matter of M.P.N. INC., Respondent, v NEW YORK STATE LIQUOR AUTHORITY, Appellant. [614 NYS2d 540] —In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Liquor Authority, dated August 10, 1992, which, after a hearing, revoked the petitioner's liquor license and imposed a $1,000 bond claim, the appeal is from an order of the Supreme Court, Queens County (Lane, J.), dated December 22, 1992, which granted the petition to the extent of vacating the penalty imposed and remitted the matter to the New York State Liquor Authority for the imposition of an appropriate penalty not to exceed three months' suspension of the petitioner's liquor license and a reasonable bond claim.

Ordered that, on the Court's own motion, the appellant's notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted *(see,* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed, without costs or disbursements.

We are in agreement with the Supreme Court that the penalty imposed by the New York State Liquor Authority (hereinafter Liquor Authority), i.e., revocation of the petitioner's liquor license, is disproportionate to the misconduct in this case and shocking to one's sense of fairness, especially in light of the petitioner's unblemished record in the past *(see, Matter of 86 Flushing Rest. Corp. v New York State Liq. Auth.,* 169 AD2d 767; *Matter of Club Illusion v State Liq. Auth.,* 25 AD2d 865; *see also, Matter of Tom's Log Cabin v New York State Liq. Auth.,* 186 AD2d 203; *Matter of Roan Amber Inn v New York State Liq. Auth.,* 184 AD2d 770). In addition, although the petitioner's bartender improperly denied the Liquor Authority's agents permission to inspect the premises pursuant to Alcoholic Beverage Control Law § 106 (15), under the facts of this case, this violation does not justify the severity of the penalty that was imposed *(see, Matter of Club Illusion v State Liq. Auth.,* 25 AD2d 865, *supra).*

Bracken, J. P., Miller, Copertino, Santucci and Altman, JJ., concur.