■ In the Matter of ANDREW J. MURPHY, III et al., Doing Business as PLAZA LIQUORS, Respondents, v NEW YORK STATE LIQUOR AUTHORITY, Appellant. [636 NYS2d 192] —Casey, J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered July 28, 1994 in Ulster County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent, *inter alia*, suspending petitioners' liquor license for a period of 30 days.

Substantial evidence supports the finding of respondent that petitioners sold alcohol to a person under the age of 21. As a result of the finding, petitioners' liquor license was suspended for 30 days and a $1,000 bond forfeiture was imposed. In this proceeding to review the determination, petitioners do not deny the sale, but rather claim such sale was unfairly arranged since the purchaser of the alcohol was an underage security guard employed by the Kingston Plaza where petitioners were tenants. Petitioners also allege that the 30-day suspension was arbitrary because another liquor store, under similar conditions, had received only a 15-day suspension when it pleaded no contest in lieu of a hearing. Supreme Court found that a "sting operation" had been conducted which constituted entrapment that was grossly unfair. Finding that petitioners had been penalized for exercising their right to a hearing, Supreme Court found the penalty inappropriate and remanded the proceeding to respondent for further consideration.

We disagree with the conclusion of Supreme Court that the so-called "sting operation" constituted entrapment. The Administrative Law Judge found no entrapment and the evidence supports this conclusion (*see*, *300 Gramatan Ave. Assocs. v State Div. of Human Rights*, 45 NY2d 176, 180). There is no evidence to suggest that the minor purchaser was used in the operation because of his status as a security guard. We find that the conclusion of entrapment by Supreme Court was error.

We also do not find it significant that petitioners received a harsher penalty than might otherwise have been imposed if they had entered a plea (*see*, *People v Pena*, 50 NY2d 400, 412, *cert denied* 449 US 1087). In rejecting a similar argument, this Court has recognized that a petitioner's rights in an administrative proceeding are not entitled to any greater constitutional protection than a defendant's rights in a criminal action (*see*, *Matter of Crawford v New York State Racing & Wagering Bd.*, 100 AD2d 653, 654). Nor do we find in the circumstances presented here that a 30-day suspension and a $1,000 bond forfeiture are "shocking to one's sense of fairness" (*Matter of Hall v Duffy*, 200 AD2d 940, 942). This same penalty has been upheld in similar circumstances (*see*, *Matter of Bars R Us v New York State Liq. Auth.*, 192 AD2d 1050, 1051). Accordingly, the judgment of Supreme Court should be reversed, the determination of respondent confirmed and the petition dismissed.

Cardona, P. J., Mercure, White and Spain, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, determination confirmed and petition dismissed.