■ In the MATTER OF WARSAW WINES & LIQUORS, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [665 NYS2d 663] —Determination of respondent New York State Liquor Authority dated May 28, 1997, which revoked petitioner's liquor license and imposed a $1,000 bond forfeiture, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Carol Huff, J.], entered July 15, 1997), dismissed, without costs.

Substantial evidence, including the testimony of the investigator who contacted Vermont authorities subsequent to petitioner's principal's arrest in that State for illegal transportation of alcoholic beverages, and the police report prepared by the Vermont arresting officers stating that petitioner attempted to conceal the illegal purchase, and made statements as to the intended use of the alcohol that were inconsistent with her position at the hearing, supports respondent's findings that petitioner was guilty of purchasing or receiving alcoholic beverages from a person not duly licensed in this State to sell same, in violation of Alcoholic Beverage Control Law § 102 (3-b), as well as "improper conduct", in violation of respondent's rule 36.1 (n) (9 NYCRR 53.1 [n]). In view of petitioner's deceptive conduct and the large amount of liquor purchased—1,328 bottles that cost $7,375.72—the penalty of revocation does not shock our sense of fairness (compare, Matter of Mei Chi Liq. Corp. v New York State Liq. Auth., 195 AD2d 270, lv denied 82 NY2d 660). Concur—Wallach, J. P., Rubin, Williams, Tom and Andrias, JJ.