■ In the Matter of COUPLES AT THE V.I.P., INC., Doing Business as LONG ISLAND MANOR, Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [710 NYS2d 79] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Liquor Authority, dated February 11, 1999, which, after a hearing, found that the petitioner had violated certain provisions of the Alcoholic Beverage Control Law and the Rules of the New York State Liquor Authority, revoked the petitioner's liquor license, and imposed a $1,000 bond forfeiture, a $2,500 civil penalty, and a 24-month proscription on relicensing the premises.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

The respondent's determination that the petitioner's manager had knowledge of the prohibited lewd and indecent activity at the premises was supported by substantial evidence. Although the charges were based on several instances of prohibited activity which occurred on a single night, the hearing testimony established that the manager was present and had ample opportunity to observe this activity, and any purported failure on his part to do so constituted a failure to exercise reasonable supervision (*see, Matter of Becker v New York State Liq. Auth.,*

21 NY2d 289). Accordingly, the record supports the finding that the licensee suffered or permitted the prohibited activity (*see generally, Matter of Martin v State Liq. Auth.,* 41 NY2d 78; *Matter of Vanda Hodge Pub v New York State Liq. Auth.,* 215 AD2d 35).

We reject the petitoner's contention that the respondent's determination was barred by the doctrine of res judicata. The prior vacatur of the Emergency Order of Summary Suspension of the petitioner's license without a hearing did not constitute a final judgment on the issues implicated in the subsequent evidentiary hearing held by the respondent (*see, Matter of Pearlstein v Axelrod,* 103 AD2d 921).

The penalty of revocation of the petitioner's liquor license and imposition of a $1,000 bond forfeiture, a $2,500 civil penalty, and a 24-month proscription on relicensing was not so disproportionate to the offenses as to be shocking to one's sense of fairness (*see, Matter of Vanda Hodge Pub v New York State Liq. Auth., supra*). Thompson, J. P., Friedmann, Florio and Smith, JJ., concur.