■ HOGS & HEIFERS, INC., Doing Business as HOGS & HEIFERS, Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [720 NYS2d 484] —Determination of respondent State Liquor Authority dated on or about July 21, 1999, finding that petitioner suffered or permitted the licensed premises to become disorderly in violation of Alcoholic Beverage Control Law § 106 (6), and imposing a civil penalty of $4,500, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [James Yates, J.], entered February 2, 2000), dismissed, without costs.

Petitioner argues that the conduct of its security employee in ejecting an unruly patron from the premises was justified and not excessive, and that petitioner cannot be held responsible for the employee's subsequent act of striking the patron's brother in self-defense after being hit in the head by him with a beer bottle (citing, *inter alia, Matter of Playboy Club v State Liq. Auth.*, 23 NY2d 544; *Matter of Cityworld Enters. v New York State Liq. Auth.*, 183 AD2d 402; *Matter of Peanutbutter Jam v New York State Liq. Auth.*, 58 AD2d 703). However, it appears that the spontaneous and apparently unanticipated nature of the physical violence that erupted on petitioner's premises was viewed by respondent within the broader context of the precipitating events. Those events consisted of a jocular remark by petitioner's bartender to the patron to the effect that he did not leave her a tip, to which the patron responded with a remark that was vulgar, to which petitioner's principal, who was behind the bar and witnessed the entire episode, responded with an ultimatum to the patron to either apologize to the bartender and "act like a gentleman" or leave the premises, to which the patron responded with more vulgar language, to which petitioner's principal responded by calling over her security employee. Given these facts, all provided in the testimony of petitioner's principal, it was not illogical or irrational (*see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights*, 45 NY2d 176, 182) for respondent to conclude that the bartender's remark and the principal's ultimatum were unnecessarily provocative or otherwise inappropriate, and that better supervision of the employee, and better management of the initial stages of the altercation, could have prevented the escalation that culminated in a melee. Where the evidence permits two conflicting inferences, the duty of making the choice rests solely with respondent (*see, Matter of Stork Rest. v Boland*, 282 NY 256, 267; *Matter of Gordon v New York Life Ins. Co.*, 300 NY 652). Concur—Mazzarelli, J. P., Andrias, Lerner, Saxe and Buckley, JJ.