■ In the Matter of CUMBERLAND FARMS, INC., Doing Business as CUMBERLAND FARMS No. 1676, Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [736 NYS2d 790] —Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which, inter alia, assessed petitioner a $2,500 civil penalty.

Following an administrative hearing, petitioner was found guilty of violating Alcoholic Beverage Control Law § 65 (1) by an Administrative Law Judge. This determination was subsequently adopted by respondent, which imposed a civil penalty, prompting petitioner to commence this CPLR article 78 proceeding to annul, which has since been transferred to this Court (*see*, CPLR 7804 [g]). We now confirm.

At the hearing, it was established that 19-year-old Amy Farr went into petitioner's convenience store on the afternoon of December 26, 1999 when her friend, Jeremy Rogers, was the

sole employee on duty. She left the premises with a 12-pack of beer.[1] Farr told a companion waiting for her in a car outside the store that she obtained the beer from "her hookup" (i.e., Rogers) and that she agreed to pay Rogers for it later. According to the companion's testimony, Rogers agreed to this arrangement. Of note, neither Farr nor Rogers testified at the hearing.

Alcoholic Beverage Control Law § 65 (1) prohibits any person from selling, delivering or giving away any alcoholic beverages to a minor, that is, a person under 21 years of age. Moreover, it is well established that "[i]rrespective of knowledge or intent, under section 65 (1) a licensee may suffer administrative sanctions * * * for furnishing alcohol to minors" (*Sherman v Robinson*, 80 NY2d 483, 487; *see, People v Byrne*, 77 NY2d 460, 462). It has been further established that an employer is liable for its employee's violation of this statute (*see, People v Danchak*, 24 AD2d 685, 686; *see also, People v Leonard*, 8 NY2d 60).

Petitioner concedes "that a violation of Alcoholic Beverage Control Law § 65 (1) is an offense of strict liability for which proof of the accused's guilty knowledge or intent is not required." Nevertheless, it contends that the subject violation cannot be sustained since it was established at the hearing that the beer was "stolen" from its store. To be sure, Farr did not surreptitiously enter the store that afternoon and steal beer from the cooler while Rogers, the designated person in charge at that time, was not looking. Rather, with his approval—apparently reluctantly at first[2] —Farr took beer with the proviso that she would pay for it later. Since there is no dispute that Alcoholic Beverage Control Law § 65 (1) is a strict liability statute and the statutory language itself expressly prohibits the "giv[ing] away" of alcohol to a minor, and since the facts of this case establish that that is essentially what happened here (i.e., petitioner's employee, while in charge of the store, gave beer to a minor), we are unable to conclude that the determination under review is unsupported by substantial evidence or affected by an error of law.[3]

As a final matter, we note that petitioner, relying on *Matter*

---

**1.** According to Farr's written statement to police contained in the record, Rogers had sold her beer from this store in the past, as recently as the day before, i.e., December 25, 1999.

**2.** In a statement to police signed by Farr's companion, the companion stated that Farr was in the store "so long" because she "had to convince [Rogers] to give her the beer and she would pay him tomorrow."

**3.** Petitioner supports its claim that it did not violate the statute by repeatedly pointing out that it never received remuneration for the beer

*of Dawson v New York State Liq. Auth.* (226 AD2d 876), *Matter of Panacea Tavern v New York State Liq. Auth.* (155 AD2d 601, *lv denied* 75 NY2d 712) and *Matter of 4373 Tavern Corp. v New York State Liq. Auth.* (50 AD2d 855), further claims that respondent failed to produce "evidence that the conduct of [Rogers] was open, observable, and of such a nature that its continuance could, by the exercise of reasonable diligence, have been prevented." This line of reasoning, and these particular cases, however, are limited to cases involving *on-premises* activity, where the conduct constituting the alleged delivery of alcohol to a minor occurs in a bar, tavern or similar premises and was " 'open, observable and of such nature that its continuance could, by the exercise of reasonable diligence, have been prevented' " (*Sherman v Robinson, supra* at 488, quoting *Matter of 4373 Tavern Corp. v New York State Liq. Auth., supra* at 856). Thus, the argument is inapplicable to the case at bar.

Crew III, J.P., Peters, Spain and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

removed from its premises because it was "stolen" by Farr and Rogers. Plainly, a licensee need not gain financially from the furnishing of alcohol to a minor to be liable under Alcoholic Beverage Control Law § 65 (1) since the statute includes a prohibition against *giving* alcohol away.