■ In the Matter of Franceso Antolino, Doing Business as Fantasy, Petitioner, v New York State Liquor Authority, Respondent. [831 NYS2d 337]—

Proceeding pursuant to CPLR article 78 to review so much of a determination of the New York State Liquor Authority, dated May 22, 2006, as, upon the petitioner's plea of no contest to charges of, inter alia, violating Alcoholic Beverage Control Law § 100 (2-b), revoked the petitioner's liquor license, imposed a $1,000 bond claim, and placed a proscription on relicensing for a period of 24 months.

Adjudged that the determination is confirmed insofar as reviewed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

The petitioner owned and operated an establishment that sold alcoholic beverages pursuant to an on-premises liquor license issued by the New York State Liquor Authority (hereinafter the NYSLA). On June 27, 2005 the Police Department of the Village of Port Chester, with permission, entered the petitioner's establishment to search for an underage female who had run away from home. The police discovered two underage females working as dancers at the establishment. After an administrative hearing before the NYSLA, the petitioner entered a plea of no contest to charges that he violated various statutory and regulatory provisions.

As the parties acknowledge, since the petitioner entered a plea of no contest, the only inquiry before this Court "is whether the punishment is 'so disproportionate to the offense, in light of all of the circumstances, as to be shocking to one's sense of fairness' " (*Matter of Desiderio's Parklane Pizzeria v Duffy*, 143 AD2d 508, 509 [1988], quoting *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 233 [1974]; *see Matter of 17 Cameron St. Rest. Corp. v New York State Liq. Auth.*, 48 NY2d 509, 512 [1979]; *Matter of Pyramid Lounge v New York State Liq. Auth.*, 175 AD2d 131, 131 [1991]; *see also Matter of Korina Rest. & Bar v New York State Liq. Auth.*, 267 AD2d 38, 38 [1999]; *Matter of Kufs v State of N.Y. Liq. Auth.*, 224 AD2d 974, 974 [1996]). Given the circumstances presented here, including consideration of the previous record and history of the licensee and the licensed premises (*see Awrich Rest. v New York State Liq. Auth.*, 92 AD2d 925, 927 [1983], *affd* 60 NY2d 645 [1983]), the penalty imposed was not excessive (*see Matter of Warehouse Entertainment v New York State Liq. Auth.*, 292 AD2d 536 [2002]; *Matter of Couples at V.I.P. v New York State Liq. Auth.*, 272 AD2d 615 [2000]; *Matter of Kelly v Casale*, 263 AD2d 889, 890-891 [1999]). Mastro, J.P., Florio, Carni and McCarthy, JJ., concur.