In the Matter of CONFETTI, INC., Doing Business as SEPTEMBER'S RESTAURANT, Appellant, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [845 NYS2d 794]—Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Liquor Authority, dated April 26, 2007, which, after a hearing, found that the petitioner violated certain provisions of the Alcoholic Beverage Control Law and the Rules of the New York State Liquor Authority, revoked the petitioner's liquor license, and imposed a $1,000 bond claim and a two-year proscription on relicensing the premises.

Adjudged that the petition is granted, on the law, without costs or disbursements, to the extent that the penalty imposed is annulled, the determination with respect to charge 2 is annulled, and charge 2 is dismissed, the petition is otherwise denied, the determination is otherwise confirmed, the proceeding is otherwise dismissed, and the matter is remitted to the respondent for the imposition of a new penalty with respect to charges 1, 3, and 4.

There is substantial evidence to support the determination of the New York State Liquor Authority (hereinafter the Authority) as to charges 1, 3, and 4 that the petitioner violated Alcoholic Beverage Control Law § 106 (6) and rule 54.2 of the Rules of the New York State Liquor Authority (*see Matter of Couples at V.I.P. v New York State Liq. Auth.*, 272 AD2d 615 [2000]; *Matter of Vanda Hodge Pub v New York State Liq. Auth.*, 215 AD2d 35, 41-42 [1995]). However, charge 2, that the petitioner violated rule 36.1 (n) of the Rules of the New York State Liquor Authority by failing to summon aid for an injured patron, is not supported by substantial evidence (*see Matter of Ridge, Inc. v New York State Liq. Auth.*, 257 AD2d 625, 626-627 [1999]).

In light of our determination, we do not reach the petitioner's contention regarding the propriety of the penalty imposed. Schmidt, J.P., Fisher, Lifson and Carni, JJ., concur.