■ In the Matter of FAY DAWKINS, Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [849 NYS2d 241]—

Determination of respondent, dated June 19, 2006, revoking petitioner's liquor license and directing forfeiture of her $1,000 bond (this proceeding having been transferred to this Court by order of Supreme Court, New York County [Dianne Renwick, J.], entered May 19, 2007), unanimously modified, on the law, to the extent of vacating the penalty and remitting the matter to respondent for the prompt imposition of an appropriate lesser penalty, and otherwise confirmed, without costs.

Respondent determined that on June 18, 2005, petitioner impeded an inspection of the licensed premises in violation of Alcoholic Beverage Control Law § 106 (15), served alcohol to three visibly intoxicated individuals (Alcoholic Beverage Control

Law § 65 [2]), failed to display her license conspicuously (Alcoholic Beverage Control Law § 114 [6]), and failed to comply with regulations regarding signage for fire exits. The penalty imposed for such violations was excessive, particularly in light of petitioner's prior unblemished record (see *Matter of Oak Beach Inn Corp. v New York State Liq. Auth.*, 269 AD2d 191 [2000], *lv denied* 95 NY2d 754 [2000]; *Matter of M.P.N. Inc. v New York State Liq. Auth.*, 206 AD2d 430 [1994]) and the impact of such penalty on her livelihood (*Matter of Mei Chi Liq. Corp. v New York State Liq. Auth.*, 195 AD2d 270 [1993], *lv denied* 82 NY2d 660 [1993]). Concur—Tom, J.P., Saxe, Friedman and Williams, JJ.