■ In the Matter of JMH, Inc., Doing Business as Pauly's Hotel, Petitioner, v New York State Liquor Authority, Respondent. [877 NYS2d 737]—

---

Kavanagh, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review two determinations of respondent which revoked petitioner's liquor license.

In November 2007, respondent filed two sets of charges against petitioner alleging that it violated various sections of the Alcoholic Beverage Control Law, as well as provisions contained in respondent's regulations, in its operation of Pauly's Hotel, located in the City of Albany (see Alcoholic Beverage Control Law § 65 [1], [2]; § 106 [2], [12]; § 117-a [1] [a], [c]; 9 NYCRR 48.2, 48.3, 48.8, 53.1 [f]). In particular, it is alleged that during an unscheduled inspection of Pauly's Hotel, representatives from the Albany Police Department, respondent's Enforcement Bureau and the Department of Motor Vehicles observed individuals who were underage and intoxicated being served and consuming alcohol on the premises (see Alcoholic Beverage Control Law § 65 [1], [2]). In addition, petitioner was charged with, among other things, failing to maintain proper business records (see Alcoholic Beverage Control Law § 106 [12]), employing unlicensed security guards (see 9 NYCRR 48.3, 53.1 [f]), permitting smoking inside the premises (see 9 NYCRR 53.1 [f]), failing to exercise adequate supervision over its clientele (see 9 NYCRR 48.2, 53.1 [f]) and employing a disc jockey on the premises in violation of the provisions contained in its license (see 9 NYCRR 48.3, 53.1 [f]). After hearings were held on both sets of charges, two Administrative Law Judges found that substantial evidence existed to sustain the charges as filed against petitioner. Respondent, in response to these findings, revoked petitioner's liquor license, imposed a $1,000 fine and placed a two-year prohibition on relicensing of the premises. Petitioner subsequently commenced this proceeding to review respondent's determinations. Upon transfer to this Court (see CPLR 7804 [g]), we now confirm.

Petitioner claims that respondent only offered hearsay evidence to prove the charges and did not establish the existence of these violations by substantial evidence. "Hearsay evidence is admissible in administrative hearings and may, under appropriate circumstances, form the sole basis of an agency's determination," unless it is seriously controverted (Matter of McGillicuddy's Tap House, Ltd. v New York State Liq. Auth., 57 AD3d 1052, 1052-1053 [2008] [citations omitted]; see Matter of S & S Pub, Inc. v New York State Liq. Auth., 49 AD3d 654, 654-655 [2008]). In that regard, we note that petitioner not only failed to call any witnesses to testify on its behalf at either hearing,

but submitted little, if any, proof to controvert the evidence presented by respondent in support of these charges (*see Matter of McGillicuddy's Tap House, Ltd. v New York State Liq. Auth.*, 57 AD3d at 1053; *Matter of Cumberland Farms v New York State Liq. Auth.*, 290 AD2d 915, 916 [2002], *lv denied* 98 NY2d 607 [2002]).

As for the evidence presented at the hearing, it established that on November 10, 2007, 18 to 19 different individuals, all of whom were later determined to be underage, were observed consuming alcoholic beverages on petitioner's premises.[1] Many of these individuals gave statements to investigators in which they acknowledged their true age and admitted having purchased and consumed alcoholic beverages while in petitioner's establishment.[2] In addition, petitioner, when asked, could not produce records that, by law, it was required to keep regarding its operation of the premises and acknowledged not only that it employed individuals on the premises as security guards who were not properly licensed, but also employed a disc jockey, which did not comply with the provisions contained in its liquor license. Investigators also testified to observing some patrons, as well as petitioner's own employees, smoking on the premises, and noted during their inspection that beer was being advertised for sale at half its regular price. This evidence constituted substantial evidence supporting respondent's determination sustaining the charges as filed against petitioner (*see Matter of McGillicuddy's Tap House, Ltd. v New York State Liq. Auth.*, 57 AD3d at 1052; *Matter of Price Chopper Operating Co., Inc. v New York State Liq. Auth.*, 52 AD3d 924 [2008]; *Matter of Cumberland Farms·v New York State Liq. Auth.*, 290 AD2d at 916).

Petitioner claims that the penalty imposed—in particular, the revocation of its license—was unduly harsh and an abuse of respondent's discretion. "Penalties imposed by governmental agencies will be modified only if the penalty is 'so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness' " (*Matter of KTD Enters. v*

---

1. According to the investigator's report, when the uniform police officers entered the establishment, there were 35 to 40 patrons inside, 29 of whom were underage and 18 to 19 of whom were observed consuming alcoholic beverages. Some of the patrons used altered driver's licenses as identification when purchasing the beverages, while others used valid driver's licenses obtained from other patrons inside the premises. Other underage individuals admitted that they gained entrance to the premises by use of valid identification, which clearly showed that they were, in fact, underage.

2. One such individual submitted to a test that determined that the alcohol content in his blood was .185%.

*New York State Liq. Auth.*, 205 AD2d 938, 939 [1994], *lv denied* 84 NY2d 807 [1994], quoting *Matter of GCA Rest. v New York State Liq. Auth.*, 171 AD2d 489, 490 [1991]). The sheer number of underage individuals being served alcohol on the premises is ample proof that petitioner was well aware that it was operating its business in violation of its license. In fact, petitioner's apparent lack of regard for its responsibilities under the license is made even more manifest by the fact that it has been cited on numerous prior occasions for similar violations, yet the complained-of conduct on its premises continued almost unabated (*see Matter of Antolino v New York State Liq. Auth.*, 38 AD3d 881, 882 [2007]; *Matter of Oneonta Water St. v New York State Liq. Auth.*, 279 AD2d 849, 851 [2001]; *Matter of Kelly v Casale*, 263 AD2d 889, 890-891 [1999]; *Matter of Murphy v New York State Liq. Auth.*, 223 AD2d 818, 819 [1996]). Therefore, we see no reason to disturb the penalty imposed.

To the extent not specifically addressed herein, petitioner's remaining contentions have been reviewed and found to be lacking in merit.

Cardona, P.J., Mercure, Malone Jr. and McCarthy, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.