OPINION OF THE COURT
Richard L. Buchter, J.
The defendant moves to dismiss count four of the indictment (Penal Law § 120.05 [12]), assault in the second degree, on the *628 grounds that it is unconstitutional as a denial of equal protection under the Fifth and Fourteenth Amendments of the United States Constitution and the New York State Constitution. The defendant also argues it is unconstitutional because it is overly broad, arbitrary, capricious and unduly vague as applied to the defendant in the instant case.
Penal Law § 120.05 (12), provides in pertinent part as follows:
“A person is guilty of assault in the second degree when: . . .
“12. With intent to cause physical injury to a person who is sixty-five years of age or older, he or she causes such injury to such person, and the actor is more than ten years younger than such person.”
In the instant case the defendant, who is 47, is alleged to have assaulted the complainant, who is 68, under count four.
Initially, legislative enactments enjoy a presumption of constitutional validity. (Borden’s Farm Products Co. v Baldwin, 293 US 194, 209 [1934]; Cook v City of Binghamton, 48 NY2d 323, 330 [1979].) This is a rebuttable presumption that must be overcome by the party attacking the constitutionality of the statute, who bears the heavy burden of proving that the statute is unconstitutional beyond a reasonable doubt. (People v Walker, 81 NY2d 661, 668 [1993]; People v Pagnotta, 25 NY2d 333, 337 [1969].) The court finds that the defendant failed to meet this burden herein.
With regard to the Equal Protection Clause, equal protection “does not mandate absolute equality of treatment but merely prescribes that, absent a fundamental interest or suspect classification, a legislative classification be rationally related to a legitimate State purpose.” (People v Walker at 668.) Since age is not a suspect classification, it is not entitled to the strict scrutiny standard of review. (Maresca v Cuomo, 64 NY2d 242, 250 [1984].) Therefore, the age provision of Penal Law § 120.05 (12) is subject to a rational basis standard of review, not one of strict scrutiny. The rational basis test simply requires that the legislature has some legitimate state interest in enacting the statute. (Id.; People v Drayton, 39 NY2d 580, 585 [1976].)
Determining whether a legitimate state interest exists is initially left to the legislature. The Court in Matter of Quinton A. (49 NY2d 328 [1980]) held that a statute enacted by the legislature passed the rational basis test because it had a legitimate interest of protecting older citizens in the community:
*629 “[T]he elderly are peculiarly susceptible to crimes of violence for age has, to a large extent, diminished their physical capacities marking them out as easy prey for the criminally disposed . . . [The statute is] directed at conduct deemed to present a special and serious problem and amounts to a considered policy choice by that branch of government vested with the power to make that selection.” (Id. at 337.)
In enacting Penal Law § 120.05 (12), the legislature had similar concerns about protecting the elderly who are particularly susceptible to crimes of violence as a result of their age. The legislative history reveals that the statute was enacted because “seniors are generally more vulnerable to injury and less able to protect themselves than younger persons.” (Assembly Mem in Support, Bill Jacket, L 2008, ch 68, at 5.) Here, the court found that the legislature had a legitimate state interest when enacting the statute and the statute effectuates that interest.
The court further finds that Penal Law § 120.05 (12) is not facially unconstitutional for being overly broad. “A party mounting a facial constitutional challenge bears the substantial burden of demonstrating that in any degree and in every conceivable application, the law suffers wholesale constitutional impairment. In other words, the challenger must establish that no set of circumstances exists under which the Act would be valid.” (People v Taylor, 9 NY3d 129, 167 [2007], quoting Matter of Moran Towing Corp., 99 NY2d 443, 448 [2003].) The defendant fails to meet this burden. Penal Law § 120.05 (12) is clear in its application and can be applied constitutionally. For example, if a 54-year-old person assaults a 65-year-old person, with the intent to cause serious physical injury and does cause such injury, under the statute, the actor is guilty of assault in the second degree. This is only one set of circumstances, of many, in which Penal Law § 120.05 (12) would be valid.
Simply because Penal Law § 120.05 (12) is a strict liability statute, that factor alone does not make the statute overly broad. A variety of strict liability statutes in New York impose criminal liability upon individuals regardless of knowledge of the victim’s age. For example Alcoholic Beverage Control Law § 65 (1) prohibits any person from furnishing any alcoholic beverage to an individual under the age of 21. It is well established that a person may suffer “administrative sanctions” for violating this statute “[irrespective of knowledge or intent” (Matter of Cumberland Farms v New York State Liq. Auth., 290 *630 AD2d 915, 916 [3d Dept 2002], quoting Sherman v Robinson, 80 NY2d 483, 487 [1992]). Therefore, the court finds that Penal Law § 120.05 (12), akin to the Alcoholic Beverage Control Law § 65 (1), is not overly broad.
In the defendant’s oral argument, he put forth two additional theories not addressed in his written motion. The defendant argued that Penal Law § 120.05 (12) is unconstitutional on the grounds that it is arbitrary, capricious and unduly vague.
Contrary to the defendant’s contention, the statute is not arbitrary and capricious. In order for a law to be arbitrary and capricious, it must be founded on prejudice or preference rather than on reason or fact and lack a rational basis. The defendant’s argument that deeming age 65 as elderly is arbitrary is without merit. Legislatures choose different statutory age requirements for numerous things, such as voting, drinking alcoholic beverages, receiving Social Security benefits, and even the age of retirement for appointed state judges. All of these age requirements have been upheld as constitutional because each law was passed in order to further a rational state interest. For example, in Maresca v Cuomo, the Court upheld the statutory requirement for mandatory retirement of all state appointed judges at age 70, reasoning that the statute furthered several rational interests including “elimination of the unpleasantness and embarrassment of selectively removing aged and disabled Judges [and] elimination of the administrative burden of testing each Judge attaining the age of 70 to assess competency.” (64 NY2d 242, 251 [1984].) The Court found it reasonable for the legislature to choose age 70 as the mandatory retirement age because it is an age at which a judge’s mental capacity may be diminished. {Id.)
In the case at hand, the primary goal of the legislature is to protect individuals age 65 and older, who may suffer deteriorating physical capabilities, from assault by younger, more physically able persons. Thus, the legislative determination that persons age 65 and older need additional protection is reasonable.
The statute is also not arbitrary on the grounds that it does not apply to individuals once they reach the age of 65. The legislative notes explain that the statute is inapplicable to defendants aged 65 or older. Rather, individuals aged 65 and older may be charged with the lesser crime of assault in the third degree, which is consistent with the principle that individuals 65 and older may have deteriorating physical abilities. The *631 purpose of the statute is to protect the elderly from younger, more physically capable individuals. The legislature was concerned with younger individuals assaulting the elderly who are less able to protect themselves and not with elder crime. Therefore, the statute is not arbitrary, but consistent with the legislature’s rationale of protecting the elderly.
Penal Law § 120.05 (12) is also not void for being unduly vague. A statute is vague if it is not sufficiently precise and clear as to its coverage. (Bakery Salvage Corp. v City of Buffalo, 175 AD2d 608, 609 [4th Dept 1991], quoting People v Firth, 3 NY2d 472, 474 [1957].) The defendant contends that the legislative notes and the statute itself are conflicting, causing the statute to be unduly vague. The legislative notes state that there is no particular mens rea knowledge requirement, i.e., the statute is one of strict liability. It states, “The crime is established based on the actual age of the victim; there is no requirement that the prosecutor prove the defendant knew or had reason to know the victim’s age.” (Assembly Mem in Support, Bill Jacket, L 2008, ch 68, at 5.) The defendant claims that because the statute fails to place a comma separating “intent to cause physical injury” and “to a person who is sixty-five years of age or older,” the language of the statute has a knowledge requirement. (Penal Law § 120.05 [12].) Even if the defendant is correct and the literal construction of the statute requires knowledge of a victim’s age, a court may reject that literal interpretation if it does not correctly reflect the legislative intent. (Matter of Schinasi, 277 NY 252, 259 [1938]; McKinney’s Cons Laws of NY, Book 1, Statutes §§ 251, 253.) The legislature makes it clear in its notes that knowledge of the victim’s age is not required. While it is true that strict liability is generally disfavored, “the legislative power to impose liability without fault is often found valid in the areas of public health, safety and welfare.” (People v Anyakora, 162 Misc 2d 47, 51 [Sup Ct, NY County 1993]; Staples v United States, 511 US 600, 607 [1994].) The legislature clearly intended Penal Law § 120.05 (12) to be a strict liability statute in order to ensure the safety of the elderly. As individuals get older it is often hard to determine their age. A person may have an educated guess as to someone’s age, but this does not mean they have knowledge of that person’s age. If the statute required knowledge, then the purpose of the statute would be significantly debilitated. Since the legislative intent is clear, the statute is not unduly vague.
*632 In both the defendant’s motion and oral argument, the defendant argued Penal Law § 120.05 (12) is unconstitutional as applied to the defendant. This argument also lacks merit. The legislative notes state, “The bill addresses predatory attacks by persons who target seniors.” (Assembly Mem in Support, Bill Jacket, L 2008, ch 68, at 5.) The defendant claims that he is not a person who targets the elderly nor was he motivated by the victim’s alleged senior status. Neither the statute nor the legislative notes require that the statute be applied exclusively to predatory attacks. Rather, the legislative notes use the word “addresses,” which is not a word of limitation. The plain language meaning of “address” is “dutiful and courteous attention.” (Merriam-Webster’s Collegiate Dictionary 14 [11th ed 2003].) Using this interpretation of “address,” it is clear the statute is meant to apply to predatory attacks, but it is not limited to predatory attacks. Therefore, the defendant’s claim is without merit. The statute applies when a person assaults another who is age 65 or older, causes injury, and the actor is 10 years younger than the victim. At the time of the assault in the case at hand, the defendant was 47 and the victim was 68. Both parties clearly fall within the statutory age requirements. Thus, the statute is not unconstitutional as applied to the defendant.
Based upon the foregoing, the defendant’s motion to dismiss count four of the indictment is denied in all respects.
The branch of the motion seeking further relief is denied in that defendant has failed to set forth sufficient grounds in support thereof.