■ In the Matter of TODAY'S LOUNGE OF ONEONTA, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [962 NYS2d 430]—

Mercure, J.P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Otsego County) to review a determination of respondent which, among other things, revoked petitioner's onsite liquor license.

Petitioner operates a tavern, known as Today's Lounge, and was issued a liquor license by respondent. Following a joint investigation by respondent and police into underage drinking at the tavern, respondent commenced a proceeding to revoke petitioner's license. Respondent alleged that petitioner served alcohol on January 28, 2012 to individuals under the age of 21, failed to maintain proper business records, employed unlicensed security guards and failed to exercise adequate supervision over its clientele. An Administrative Law Judge sustained the charges after a hearing, and respondent adopted the determination. Petitioner then commenced this CPLR article 78 proceeding challenging the determination and seeking reinstatement of its liquor license.

Petitioner asserts that the determination that it sold alcohol to underage patrons was not supported by substantial evidence because respondent failed to call the patrons as witnesses, produce copies of the patrons' photo identifications or present proof that the beverages served actually contained alcohol. In essence, petitioner's challenges are grounded in its argument that hearsay evidence cannot constitute substantial evidence to sustain a determination. We disagree and, therefore, confirm.

Alcoholic Beverage Control Law § 65 (1) directs that "[n]o person shall sell, deliver or give away or cause or permit or procure to be sold, delivered or given away any alcoholic bever-

ages to . . . [a] person, actually or apparently, under the age of [21] years." To establish a violation, respondent must prove "that the proscribed conduct was open, observable and of such nature that its continuance could, by the exercise of reasonable diligence, have been prevented" (*Matter of S & R Lake Lounge v New York State Liq. Auth.*, 87 NY2d 206, 209 [1995] [internal quotation marks and citations omitted]). Contrary to petitioner's argument, "direct nonhearsay testimony establishing the precise manner in which the minor obtained the alcoholic beverage is not a prerequisite to establishing a violation of section 65 (1) where . . . there is strong circumstantial evidence that the illegal conduct was open and observable" (*id.* at 210 [citations omitted]). That is, " '[h]earsay evidence is admissible in administrative hearings and may, under appropriate circumstances, form the sole basis of an agency's determination,' unless [the hearsay evidence] is seriously controverted" (*Matter of JMH, Inc. v New York State Liq. Auth.*, 61 AD3d 1260, 1261 [2009], quoting *Matter of McGillicuddy's Tap House, Ltd. v New York State Liq. Auth.*, 57 AD3d 1052, 1052-1053 [2008]; *see Matter of Surf City Enters. of Syracuse, Inc. v New York State Liq. Auth.*, 96 AD3d 1458, 1458 [2012]; *Matter of Cumberland Farms v New York State Liq. Auth.*, 290 AD2d 915, 916 [2002], *lv denied* 98 NY2d 607 [2002]; *see also Matter of Ridge, Inc. v New York State Liq. Auth.*, 257 AD2d 625, 626-627 [1999]; *see generally Matter of Gray v Adduci*, 73 NY2d 741, 742 [1988]).

Here, police officers testified that numerous underage patrons were permitted to enter petitioner's establishment based upon false identification, identification containing no date of birth, identification indicating an age under 21 years or no identification. Investigators employed by respondent, John Meyer and Bart Gottesman, testified that three additional patrons admitted that they were underage and drank a pitcher of beer. Gottesman, who was sitting at the bar, further stated that he observed the bartender pour the pitcher of beer from a tap labeled Bud Light and serve it to the patrons, who consumed it in front of her. Gottesman also witnessed an underage agent enter petitioner's establishment without being asked for identification and order a Coors Light beer, which the bartender served him. Supporting depositions from Gottesman and the underage agent, as well as signed written statements from the three patrons who were served the pitcher of beer, confirmed the testimony. In contrast, petitioner called no witnesses and did not seriously controvert any of the evidence presented.

In our view, the foregoing provides substantial evidence to support the charges of violating Alcoholic Beverage Control Law

§ 65 (1), as well as 9 NYCRR 48.2, which requires licensees to exercise adequate supervision over the establishment. Along with evidence of prior charges, the foregoing also established a violation of Alcoholic Beverage Control Law § 118, which prohibits the sale of illegal alcoholic beverages and a pattern of misconduct related to the premises operation (*see Matter of Surf City Enters. of Syracuse, Inc. v New York State Liq. Auth.*, 96 AD3d at 1458; *Matter of JMH, Inc. v New York State Liq. Auth.*, 61 AD3d at 1261-1262; *see also Matter of S & R Lake Lounge v New York State Liq. Auth.*, 87 NY2d at 210; *cf. Matter of JJRB, Inc. v New York State Liq. Auth.*, 203 AD2d 25, 26 [1994]; *but see Matter of 25-24 Cafe Concerto Ltd. v New York State Liq. Auth.*, 65 AD3d 260, 266-267 [1st Dept 2009]).

With respect to the remaining two charges—failure to maintain adequate business records and employing unlicensed security guards—Meyer testified that he interviewed three members of petitioner's security staff, who admitted that they were paid in cash and unlicensed as security guards, and signed employee questionnaires to that effect. Gottesman verified with the Department of State that two of the three were unlicensed. Petitioner did not seriously controvert this evidence, and its sole challenge to the finding of guilt on these charges is based upon its fallacious argument that respondent may not rely on hearsay evidence to support its determination. Inasmuch as substantial evidence supports these charges, however, it cannot be said that respondent erred in sustaining them (*see Matter of JMH, Inc. v New York State Liq. Auth.*, 61 AD3d at 1261-1262).

Petitioner's remaining arguments have been considered and, to the extent not addressed herein, found to be lacking in merit.

Spain, Stein and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.