■ In the Matter of GANDY DANCER, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [962 NYS2d 434]—

Mercure, J.P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Otsego County) to review a determination of respondent which, among other things, revoked petitioner's onsite liquor license.

Petitioner operates a tavern, known as the Alley, and was issued a liquor license by respondent. Following a joint investigation by respondent and police into underage drinking at the tavern, respondent commenced a proceeding to revoke petitioner's license. Respondent alleged that petitioner served alcohol on

January 28, 2012 to individuals under the age of 21, failed to maintain proper business records, and failed to exercise adequate supervision over its clientele. After holding a hearing, an Administrative Law Judge sustained the charges, and respondent adopted the determination. Petitioner then commenced this CPLR article 78 proceeding challenging the determination and seeking reinstatement of its liquor license.

We confirm. As in *Matter of Today's Lounge of Oneonta, Inc. v New York State Liq. Auth.* (103 AD3d 1082 [2013] [decided herewith]), petitioner argues that the determination was not supported by substantial evidence because respondent failed to call the underage patrons as witnesses, produce copies of the patrons' photo identifications, or present proof that the beverages served were tested for alcohol and that it requested petitioner's payroll records. For the reasons stated in *Matter of Today's Lounge*, we reject petitioner's argument that hearsay evidence may not form the sole basis of an agency's determination (*see also Matter of JMH, Inc. v New York State Liq. Auth.*, 61 AD3d 1260, 1261 [2009]; *Matter of McGillicuddy's Tap House, Ltd. v New York State Liq. Auth.*, 57 AD3d 1052, 1052-1053 [2008]). Here, respondent presented the testimony and supporting deposition of its senior investigator, Joseph Finelli, indicating that he observed petitioner's employees serve certain alcoholic beverages to 15 patrons later confirmed to be under the age of 21, and was informed by several of petitioner's employees that they were paid in cash. In addition, respondent submitted signed employee questionnaires, as well as written statements from the 15 patrons confirming that they were underage but purchased alcohol at petitioner's establishment after showing identification belonging to others, bearing no date of birth or showing an age under 21. The foregoing constitutes substantial evidence to sustain the determination (*see Matter of Surf City Enters. of Syracuse, Inc. v New York State Liq. Auth.*, 96 AD3d 1458, 1458 [2012]; *Matter of JMH, Inc. v New York State Liq. Auth.*, 61 AD3d at 1261-1262).

Spain, Stein and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.