■ In the Matter of HOPETON WILLIS, Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [988 NYS2d 671]—

Proceeding pursuant to CPLR article 78 to review so much of a determination of the New York State Liquor Authority dated June 10, 2013, as adopted the recommendation of an administrative law judge dated May 2, 2013, made after a hearing, sustaining three charges that the petitioner had violated Alcoholic Beverage Control Law § 106 (6) and State Liquor Authority (9 NYCRR) § 53.1 (p) and (q), and imposing a civil penalty of $10,000, which, upon the petitioner's nonpayment, resulted in the revocation of his liquor license and a $1,000 bond claim.

Adjudged that the determination is confirmed insofar as reviewed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

" 'Judicial review of an administrative determination made after a hearing required by law, and at which evidence was

taken, is limited to whether that determination is supported by substantial evidence' " (*Matter of Sherwyn Toppin Mktg. Consultants, Inc. v New York State Liq. Auth.*, 103 AD3d 648, 651 [2013], quoting *Matter of Albany Manor, Inc., v New York State Liq. Auth.*, 44 AD3d 759, 759 [2007]). Substantial evidence is "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]). It is " '[m]ore than seeming or imaginary, it is less than a preponderance of the evidence, overwhelming evidence or evidence beyond a reasonable doubt' " (*Matter of S & S Pub, Inc. v New York State Liq. Auth.*, 109 AD3d 933, 934 [2013], quoting *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d at 180-181). " 'The standard demands only that a given inference is reasonable and plausible, not necessarily the most probable' " (*Matter of Sherwyn Toppin Mktg. Consultants, Inc. v New York State Liq. Auth.*, 103 AD3d at 652, quoting *Matter of Ridge Rd. Fire Dist. v Schiano*, 16 NY3d 494, 499 [2011]). The strict rules of evidence do not apply to administrative proceedings and hearsay evidence is admissible (*see Matter of Culligan's Pub v New York State Liq. Auth.*, 170 AD2d 506 [1991]). Hearsay evidence may constitute substantial evidence if sufficiently relevant and probative and may, under appropriate circumstances, form the sole basis for an agency's determination, unless it is seriously controverted (*see Matter of S & S Pub, Inc. v New York State Liq. Auth.*, 109 AD3d 933 [2013]; *Matter of JMH, Inc. v New York State Liq. Auth.*, 61 AD3d 1260, 1261 [2009]).

Here, contrary to the petitioner's contention, the respondent's determination, sustaining three charges that the petitioner violated Alcoholic Beverage Control Law § 106 (6) and State Liquor Authority (9 NYCRR) § 53.1 (p) and (q), is supported by substantial evidence (*see Matter of Sherwyn Toppin Mktg. Consultants, Inc. v New York State Liq. Auth.*, 103 AD3d 648 [2013]; *Matter of Confetti, Inc. v New York State Liq. Auth.*, 44 AD3d 1041 [2007]; *Matter of Go W. Entertainment, Inc. v New York State Liq. Auth.*, 54 AD3d 609 [2008]; *Matter of Jericho Pub v New York State Liq. Auth.*, 4 AD3d 228 [2004]; *Hogs & Heifers v New York State Liq. Auth.*, 280 AD2d 367 [2001]). The petitioner's testimony at the hearing, consisting of conclusory denials, did not seriously controvert the respondent's showing of substantial evidence in support of the charges.

Further, the penalty imposed by the respondent is not so disproportionate to the offenses as to be shocking to one's sense of fairness (*see Matter of S & S Pub, Inc. v New York State Liq.*

*Auth.*, 109 AD3d 933 [2013]). In setting a penalty, consideration of the history and previous record of a licensee and the licensed premises is appropriate (*see Matter of Antolino v New York State Liq. Auth.*, 38 AD3d 881, 882 [2007]; *Matter of Untitled LLC v New York State Liq. Auth.*, 82 AD3d 460, 461 [2011]; *Matter of JMH, Inc. v New York State Liq. Auth.*, 61 AD3d at 1263).

The petitioner's remaining contentions are without merit. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.