■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD L. EVANS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Suffolk County, rendered June 1, 1977, convicting him of robbery in the second degree, upon a plea of guilty, and imposing sentence. Judgment reversed, as a matter of discretion in the interest of justice, plea vacated and the matter is remanded to the Supreme Court for further proceedings consistent herewith. Defendant Evans, a minor, committed a robbery in Suffolk County on February 17, 1976 with two codefendants. In the course of this robbery a handgun was taken which was used by one of the codefendants to commit a murder during the robbery at a gas station in Nassau County. Defendant Evans confessed to both crimes and pleaded guilty to charges of manslaughter in the first degree and robbery in the first degree arising out of the Nassau County incident. Prior to sentencing on those charges defendant pleaded guilty to one count of robbery in the second degree in satisfaction of the Suffolk County indictment involving the February 17, 1976 robbery. No *Huntley* hearing was held concerning defendant's confession to the Suffolk County robbery, but a hearing had been held as to the Nassau County robbery murder. Because of police conduct which interfered with efforts of defendant's mother to locate him, defendant's confession to the Nassau County crimes was suppressed on appeal and his plea vacated *(People v Evans,* 70 AD2d 886). Now defendant contends that his

confession to the Suffolk County robbery is subject to attack for the same reason and his guilty plea thereto must also be vacated (see *People v Grant,* 45 NY2d 366). Defendant failed to request a *Huntley* hearing and would normally be foreclosed from raising voluntariness on appeal. He argues that collateral estoppel precluded him from relitigating the issue of voluntariness after the adverse determination in Nassau County and, therefore, failure to request a second *Huntley* hearing is immaterial. This argument is incorrect. Collateral estoppel can only be invoked when there is finality, i.e., a judgment of conviction *(People v Plevy,* 67 AD2d 591). It is elementary that there is no judgment until sentence has been imposed. Here, defendant pleaded in Suffolk County prior to sentencing in Nassau County. Thus, the finality required to invoke collateral estoppel is lacking. Yet, under the *circumstances presented, where another confession made during the same* interrogation session has been suppressed, the interest of justice requires that defendant be allowed to vacate his plea in the instant case. Cohalan, J. P., Margett, Martuscello and Gibbons, JJ., concur.