■ FRED GUNZBURG et al., as Shareholders of and Suing in the Right of Art-Lloyd Metal Products Corp., Respondents, v ARTHUR GUNZBURG et al., Appellants, et al., Defendants.—In a shareholders' derivative action, the defendants Arthur Gunzburg, Mildred Savitt and Bernard Gunzburg appeal from so much of an order of the Supreme Court, Kings County (Williams, J.), entered May 8, 1987, as denied their cross motion for summary judgment dismissing the complaint as against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

This action is one of several actions that has been brought over the past few years by the minority shareholders of a close corporation known as Art-Lloyd Metal Products Corp. (hereinafter the corporation). In one of the prior actions, the minority shareholders initiated a dissolution proceeding based on allegations that the majority shareholders had acted oppressively toward them and had wasted and mismanaged corporate assets. That proceeding was decided in the minority shareholder's favor.

In this action, the minority shareholders sued on behalf of the corporation, seeking, *inter alia,* reimbursement of corporate funds used by the majority shareholders to pay for the defense of the dissolution proceeding and an accounting based on allegations of waste and mismanagement. The minority shareholders moved for partial summary judgment on the reimbursement cause of action, and the majority shareholders Arthur Gunzburg, Mildred Savitt and Bernard Gunzburg cross-moved for an order dismissing the complaint on the grounds that it failed to comply with the requirements of Business Corporation Law § 626 (c) and it was barred under res judicata principles. The Supreme Court held the minority shareholders' motion in abeyance pending the substitution of the court-appointed receiver as a plaintiff, and denied the majority shareholders' cross motion in its entirety. The majority shareholders appeal that branch of the order which denied their cross motion. We affirm.

The Supreme Court did not err when it denied the cross motion to dismiss the complaint on the ground that the complaint failed to comply with Business Corporation Law § 626 (c). This provision provides that in any shareholders' derivative action, "the complaint shall set forth with particularity the efforts of the plaintiff to secure the initiation of such action by the board or the reasons for not making such effort." According to the majority shareholders, the minority shareholders should have requested the corporation's board or its receiver to bring such action or explain why such requests would have been futile. The contention, insofar as it pertains to the board, however, was not raised at the Supreme Court; the majority shareholders argued to the Supreme Court only that the minority failed to request the receiver to bring an action or to explain the futility of such a request. Consequently, the majority shareholders' claim as it concerns requests made of the board is not properly before this court *(see, Schoonmaker v State of New York,* 94 AD2d 741). The claim as it pertains to the receiver, while properly before this court, is

meritless because the receiver had not yet been appointed at the time the complaint was filed.

Moreover, the Supreme Court properly denied the cross motion to dismiss the complaint on the ground that it was barred by principles of res judicata. "It is blackletter law that a valid final judgment bars future actions between the same parties on the 'same cause of action' (see, e.g., 50 CJS, Judgments, § 598)" *(Matter of Reilly v Reid,* 45 NY2d 24, 27). However, this action does not constitute a second suit involving the same two parties for the purposes of res judicata. In the dissolution proceeding, the "actual interaction between the parties" (5 Weinstein-Korn-Miller, NY Civ Prac ¶ 5011.14) was one involving the minority shareholders against the majority shareholders. The corporation had only a passive presence in that proceeding. In this action, a shareholders' derivative action, the "actual interaction between the parties" concerns the corporation and the majority shareholders; the minority shareholders are only nominal parties. Consequently, res judicata does not serve as a bar to the corporation's causes of action asserted in this action.

We have considered the parties' remaining contentions and find them to be without merit. Thompson, J. P., Lawrence, Balletta and Rosenblatt, JJ., concur.