■ DESPINA CHOLAKIS, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant, et al., Defendant. [676 NYS2d 497] —In an action to recover damages for personal injuries, the defendant New York City Transit Authority appeals from an order of the Supreme Court, Richmond County (Cusick, J.), dated July 10, 1997, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it on the ground that the plaintiff had not sustained a serious injury as defined by Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The medical evidence submitted by the appellant failed to establish a prima facie case that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see, Mendola v Demetres,* 212 AD2d 515). O'Brien, J. P., Ritter, Friedmann and Goldstein, JJ., concur.

■ JAMES P. COSTELLO, Respondent, v ANTHONY V. LUPINACCI, Appellant. [676 NYS2d 498] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Putnam County (Hickman, J.), dated October 20, 1997, which granted the plaintiff's motion for partial summary judgment on the issue of liability based upon the defendant's plea of guilty to the crime of assault in the third degree.

Ordered that the order is affirmed, with costs.

It is clear that the appellant's conviction for assault in the third degree arising out of the same events as those alleged in the instant action establishes his civil liability for damages for assault and battery under the doctrine of collateral estoppel (*see, Lili B. v Henry F.,* 235 AD2d 512; *Buggie v Cutler,* 222 AD2d 640; *Villanueva v Comparetto,* 180 AD2d 627; *Grayes v DiStasio,* 166 AD2d 261). Thus, the court was correct in granting the plaintiff's motion for partial summary judgment on the issue of liability against the defendant. Bracken, J. P., Copertino, Santucci, Florio and McGinity, JJ., concur.