■ DENNIS G. BAZAZIAN et al., Respondents, v PETER LOGATTO, Appellant. [749 NYS2d 537] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Rockland County (O'Rourke, J.), dated November 14, 2001, which granted the plaintiffs' motion for summary judgment on the issue of liability based upon the defendant's plea of guilty to the crime of assault in the third degree in a criminal prosecution, and denied his cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendant shoved the plaintiff Dennis G. Bazazian, as a result of which Bazazian fell, sustaining personal injuries. The defendant was arrested, and ultimately was convicted based upon his plea of guilty to the charge of assault in the third degree under Penal Law § 120.00 (2) on a theory of recklessly causing physical injury to another person. Thereafter, the plaintiffs brought this action against the defendant seeking to recover damages, inter alia, for the injuries Bazazian sustained allegedly as a result of the defendant's "careless, negligent and/or reckless" acts.

The Supreme Court, among other things, granted the plaintiffs' motion for summary judgment on the issue of liability, finding that, based on the defendant's plea of guilty in the criminal prosecution to the crime of assault in the third degree on the theory of recklessly causing physical injury to another person, the defendant was collaterally estopped from relitigating the issue of his liability in this action.

The defendant's conviction of assault in the third degree arising out of the same events as those alleged in this action established his civil liability for damages for negligently and/or recklessly causing Bazazian's personal injuries (*see Allstate Ins. Co. v Zuk,* 78 NY2d 41; *D'Arata v New York Cent. Mut. Fire Ins. Co.,* 76 NY2d 659; *Gilberg v Barbieri,* 53 NY2d 285; *S.T. Grand, Inc. v City of New York,* 32 NY2d 300; *Pahl v Grenier,* 279 AD2d 882; *Costello v Lupinacci,* 253 AD2d 478; *Lili B. v Henry F.,* 235 AD2d 512; *Grayes v DiStasio,* 166 AD2d 261).

Accordingly, the defendant failed to rebut the plaintiffs' prima facie showing of entitlement to summary judgment on the issue of liability, and the Supreme Court correctly granted the plaintiffs' motion and denied his cross motion for summary judgment dismissing the complaint. Ritter, J.P., Florio, S. Miller and H. Miller, JJ., concur.