■ ANTHONY SABATINO et al., Plaintiffs, v CAPCO TRADING, INC., et al., Defendants and Third-Party Plaintiffs-Appellants. JOHN GENO et al., Third-Party Defendants-Respondents. [813 NYS2d 237]—

Mugglin, J. Appeal from an order of the Supreme Court (Ryan, J.), entered September 10, 2004 in Clinton County, which granted third-party defendants' motions for summary judgment dismissing the third-party complaint.

Plaintiffs commenced this action for personal injuries suf-

fered when their vehicle ran into the rear of a John Deere pay loader owned by defendant Capco Trading, Inc. and operated by its sole shareholder, officer and employee, defendant Robert L. Bourgeois. Plaintiffs then commenced a separate declaratory judgment action against defendants and John Geno, Howard Crary and Howard Crary Associates (hereinafter the insurance agents) and Eagle Insurance, essentially seeking to establish that a special relationship existed between defendants and the insurance agents and, if no policy of insurance was in effect, it was due to the negligence of the insurance agents and/or because a certain policy of insurance, through Eagle, was in full force and effect at the time of the accident. The insurance agents moved to dismiss the declaratory judgment action on the basis that they owed no duty to plaintiffs and Eagle also moved to dismiss, asserting that it had validly canceled the policy. Although named as parties, defendants took no part in these proceedings. By bench decision dated June 27, 2003, Supreme Court granted the motions and dismissed plaintiffs' declaratory judgment complaint. The order confirming this decision was entered July 2, 2003, "with prejudice and on the merits."

On July 1, 2003, defendants, using the language contained in the declaratory judgment complaint, served a third-party complaint against the insurance agents and Eagle (hereinafter collectively referred to as third-party defendants). Third-party defendants then moved to dismiss the third-party complaint and Supreme Court, finding that res judicata and collateral estoppel applied with preclusive effect, granted the motions and dismissed the third-party complaint. Defendants appeal and, with respect to the issues of res judicata and collateral estoppel, make three arguments.

First, defendants argue that since both res judicata and collateral estoppel do not apply unless a final judgment has been entered in the prior action, their third-party complaint, having been served one day before the final judgment was entered, is not barred by these principles. We are unpersuaded. "The purpose of this rule is to assure finality, however, and if finality is clear, the source of it should be secondary" (Siegel, NY Prac § 444, at 751 [4th ed]). As Supreme Court's decision was rendered June 27, 2003, finality of the issue was clear on that date and all that remained was the ministerial act of entering judgment based on the decision.

Next, defendants argue that although they were named as parties to the declaratory judgment action, no relief was sought against them as the action seeks only declaratory relief as against the insurance agents and the insurance company. The

issue of coverage, however, was crucial not only to plaintiffs but to defendants and defendants may not now rely on their default on the motions to protect them. The doctrines of res judicata and collateral estoppel apply so long as a party was given a full and fair opportunity to be heard (*see D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 664 [1990]). Indeed, defendants are necessary parties to any declaratory judgment action which seeks to determine whether coverage exists (*see Wrobel v La Ware*, 229 AD2d 861, 861-862 [1996]).

Third, defendants argue that since plaintiffs lacked standing to bring the declaratory judgment action, Supreme Court lacked jurisdiction to render a decision therein. While the argument raised has merit, since a stranger to an insurance policy may not bring an action for a declaratory judgment concerning the extent of an insurer's duty to defend (*see Lang v Hanover Ins. Co.*, 3 NY3d 350, 353-355 [2004]), and because Insurance Law § 3420 (b) (1) allows a plaintiff to sue the insurance company only after entry of judgment which has remained unsatisfied for more than 30 days, the issue of plaintiffs' lack of standing was not raised in Supreme Court either by pleading or on the motions. Lack of standing is a waivable defense (*see Pataki v New York State Assembly*, 4 NY3d 75, 88 [2004]). As it was waived in Supreme Court, it cannot now be raised as a grounds for reversal.

As a result of this determination, we need not address defendants' further assertions that issues of fact remain concerning the negligence of the insurance agents or the proper cancellation of the policy by Eagle.

Spain, J.P., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with one bill of costs.