■ Donna M. Hughes, Respondent, v Paul F. Farrey, Appellant. [817 NYS2d 25]—

Order, Supreme Court, New York County (Harold B. Beeler, J.), entered on or about March 9, 2005, which granted plaintiff's motion for partial summary judgment on her first and second causes of action, dismissed defendant's affirmative defense and counterclaim, and denied defendant's cross motion to vacate the order of the same court and justice dated September 15, 2004, which admitted plaintiff's counsel, Frank R. Saia, pro hac vice, and to dismiss the complaint, unanimously modified, on the law, to the extent of denying summary judgment on the first and second causes of action and, upon a search of the record, granting summary judgment to plaintiff on the fifth cause of action, and otherwise affirmed, without costs.

Defendant husband stabbed plaintiff wife in her abdomen and right arm. By superior court information (SCI), defendant was charged with attempted second-degree murder and lesser charges. On December 11, 2002, he pleaded guilty to assault in the first degree, the third count of the SCI. His allocution included:

"THE COURT: The third count[] of the [SCI], charges that you in New York County on or about June 17, 2002, under circumstances [e]vinc[ing] depr[a]ved indifference to human life recklessly engaged in this conduct of grave risks of death to another person [which caused] serious injury to [plaintiff], do you understand that charge?

"DEFENDANT: Yes.

"THE COURT: Is that charge true?

"DEFENDANT: Yes.

"THE COURT: Did you stab her?

"DEFENDANT: Yes."

The certificate of conviction annexed to the moving papers states that defendant was sentenced to five years' imprisonment under Penal Law § 120.10 (1) ("[w]ith intent to cause serious physical injury to another person, he causes such injury . . . by means of a deadly weapon or a dangerous instrument"). Based on the allocution, the certificate of conviction would appear to be in error in that the conduct admitted by the defen-

dant satisfies Penal Law § 120.10 (3) (depraved indifference assault),[1] and not section 120.10 (1).

The case at bar contains six causes of action. The first, second and third are for battery. The fourth alleges intentional infliction of emotional distress. The fifth and sixth allege negligence and negligent infliction of emotional distress. Defendant denied all allegations of wrongful conduct other than the assaultive conduct admitted by his guilty plea, pleaded an affirmative defense of culpable conduct and asserted a counterclaim based on plaintiff's alleged failure to repay a $33,600 loan.

As to the battery claims and the affirmative defense, plaintiff asserted that defendant, based on his conviction, was collaterally estopped from contesting liability. The motion court erred in granting plaintiff summary judgment on the first two causes of action for battery, which were based on the stabbing.

---

1. While neither the criminal complaint nor SCI were included in the record, a subsequent decision on a discovery motion (*Hughes v Farrey*, 11 Misc 3d 1067[A], 2006 NY Slip Op 50424[U], *1-2 [2006]) states:

"Defendant was charged in a felony complaint with one count of Attempted Murder in the Second Degree and one count of Assault in the First Degree. In support of these charges, the complaint read as follows:

"The defendant, with intent to cause the death of another person, attempted to cause the death of such person; and the defendant, with intent to cause physical injury to another person, caused such injury to another person by means of a dangerous instrument."

"The offenses were committed under the following circumstances:

"Deponent is informed by Donna Hughes, of an address known to the District Attorney's Office, that informant observed defendant stab her numerous times about the abdomen and upper right arm causing deep stab wounds to the abdomen and upper right arm and substantial pain, and thereafter observed defendant try to force informant to swallow multiple sleeping pills.

"Thereafter, defendant waived grand jury indictment and was prosecuted by a three count Superior Court Information. The first count charged him with An Attempt to Commit the Crime of Murder in the Second Degree in violation of Penal Law §§ 110/125.25 (1) in that 'defendant, in the County of New York, on or about June 17, 2002, with intent to cause the death of another person, attempted to cause the death of Donna Hughes.' The second count accused the defendant of the crime of Assault in the First Degree in violation of Penal Law § 120.10 (1) in that 'defendant . . . with intent to cause serious physical injury to another person, caused such injury to Donna Hughes, by means of a dangerous instrument, to wit, a knife.' The third count accused defendant with Assault in the First Degree under subdivision Penal Law § 120.10 (3) charging that 'under circumstances evincing a depraved indifference to human life, [defendant] recklessly engaged in conduct which created a grave risk of death to another person and thereby caused serious physical injury to Donna Hughes.'

"On December 11, 2002 defendant pled guilty to the third count of the Superior Court Information, Assault in the First Degree in violation of Penal Law § 120.10 (3) in full satisfaction of the charges contained therein."

The doctrine of collateral estoppel precludes a party from relitigating an issue already decided against the party where the party had a fair opportunity to litigate (*see Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 455 [1985]; *Gilberg v Barbieri*, 53 NY2d 285, 291 [1981]). For the doctrine to apply, the issues raised must be identical and must have been decided in the prior action and be decisive to the present action; and the party that is precluded must have had a full and fair opportunity to contest the prior determination (*Kaufman, supra* at 455). Where a criminal conviction is based upon facts identical to those in issue in a related civil action, the plaintiff in the civil action can successfully invoke the doctrine of collateral estoppel to bar the convicted defendant from relitigating the issue of his liability (*McDonald v McDonald*, 193 AD2d 590 [1993]; *D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659 [1990]; *Merchants Mut. Ins. Co. v Arzillo*, 98 AD2d 495, 502 [1984]). A guilty plea is considered a valid final judgment where the factual elements of a transaction or incident are conclusively established (*see S.T. Grand, Inc. v City of New York*, 32 NY2d 300, 304-305 [1973]; *McMillan v Williams*, 116 Misc 2d 171, 172 [1982]).

In *Tower Ins. Co. of N.Y. v Old N. Blvd. Rest. Corp.* (245 AD2d 241, 242 [1997]), this Court stated that "to establish a civil battery a plaintiff need only prove intentional physical contact by defendant without plaintiff's consent; the injury may be unintended, accidental or unforeseen" (*see also Roe v Barad*, 230 AD2d 839, 840 [2d Dept 1996], *lv dismissed* 89 NY2d 938 [1997]; *Zgraggen v Wilsey*, 200 AD2d 818, 819 [1994]). Here, in granting summary judgment on the first and second causes of action for battery, the motion court found that as a result of his guilty plea and admissions to stabbing plaintiff with a knife, these elements were proved and defendant was collaterally estopped from denying the conduct which underlay those causes of action. Plaintiff contends that this is correct because defendant admitted not only that he engaged in reckless conduct under circumstances evincing depraved indifference to human life that caused her serious injury, but also that he stabbed her, an unequivocal action from which his intent may be inferred (citing *People v McKinney*, 24 NY2d 180, 185 [1969]; *People v Quinones*, 8 AD3d 160 [2004], *lv denied* 3 NY3d 710 [2004]). Thus, plaintiff concludes that because defendant's intent to make physical contact with the plaintiff was established during his plea allocution, he is precluded by the doctrine of collateral estoppel from relitigating this issue in the instant civil action (citing *Bergen v Shapiro*, 129 AD2d 669 [1987]).

Plaintiff's assertion is incorrect. While defendant admitted to

"stab[bing]" plaintiff, he did not state that he intentionally did so, but stated that he acted recklessly under circumstances evincing depraved indifference. The inference plaintiff seeks to draw, i.e., that defendant intentionally made contact without her consent and caused injury, is perhaps a reasonable one but collateral estoppel may not be applied because it is not the only inference that can be drawn.[2] Based on the allocution alone, the trier of fact could find that defendant recklessly or unintentionally stabbed plaintiff (*see Richard L. v Armon*, 144 AD2d 1 [1989]).

While it is true that defendant did not submit an affidavit on the motion, neither did plaintiff, and her complaint was unverified. Plaintiff relied solely on collateral estoppel, and since the doctrine is inapplicable as to the battery claims summary judgment was improperly granted as to those causes of action.

Plaintiff did seek such other relief as the court deemed appropriate and, in her memorandum of law, which defendant has included in the record, asked that she be granted summary judgment on her fifth cause of action for negligence if she was not granted summary judgment on her battery claims. Indeed, that portion of the motion should have been granted (*see Grayes v DiStasio*, 166 AD2d 261 [1990] [the issue resolved in the criminal proceeding, whether defendant recklessly caused serious physical injury to Grayes by means of a deadly weapon or dangerous instrument, of necessity includes a finding of negligence]; *Bazazian v Logatto*, 299 AD2d 433, 434 [2002] ["The defendant's conviction of assault in the third degree arising out of the same events as those alleged in this action established his civil liability for damages for negligently and/or recklessly causing Bazazian's personal injuries"]; *Pahl v Grenier*, 279 AD2d 882, 883 [2001] ["Without doubt, a criminal jury's finding of recklessness is determinative of the issue of negligence arising out of the same conduct"]).

We have considered defendant's remaining contentions and find them meritless. Concur—Tom, J.P., Saxe, Nardelli, Gonzalez and Catterson, JJ.

---

2. While plaintiff's view may be in line with recent cases of the Court of Appeals which have held that "one-on-one" shootings or stabbings represent "quintessentially intentional" conduct that could not support a depraved indifference murder conviction (*see e.g. People v Payne*, 3 NY3d 266 [2004]; *People v Suarez*, 6 NY3d 202 [2005]), here we are dealing with assault, not murder, and defendant, who appears to have pleaded guilty to reckless assault, did not appeal his conviction, and for purposes of collateral estoppel he admitted only to reckless conduct.