■ DANIEL BLAICH, Appellant, v PETER VAN HERWYNEN, JR., et al., Respondents, et al., Defendants. [829 NYS2d 639]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief and two stipulations of settlement dated December 7, 2006 and January 9, 2007, respectively, from so much of an amended order of the Supreme Court, Suffolk County (Emerson, J.), dated August 9, 2005, as denied those branches of his motion which were for summary

judgment on the issue of liability against the defendant Peter Van Herwynen, Jr., and for leave to enter a default judgment against the defendant Peter Van Herwynen, Jr., upon his failure to appear or answer the complaint.

Ordered that the amended order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the plaintiff's first cause of action insofar as asserted against the defendant Peter Van Herwynen, Jr., and substituting therefor a provision granting that branch of the motion; as so modified, the amended order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff alleged that he sustained personal injuries on the afternoon of January 1, 2004 when he appeared at the front door of the Van Herwynen home and was struck in the face and body by rounds discharged from BB guns and/or pellet pistols fired by certain of the defendants, including the defendant Peter Van Herwynen, Jr. (hereinafter Peter, Jr.). In a related criminal prosecution in the District Court, Suffolk County, Peter, Jr., admitted that he caused injury to the plaintiff with a pellet pistol and/or a BB gun.

" 'Where a criminal conviction is based upon facts identical to those in issue in a related civil action, the plaintiff in the civil action can successfully invoke the doctrine of collateral estoppel to bar the convicted defendant from relitigating the issue of his [or her] liability' (*McDonald v McDonald,* 193 AD2d 590 [1993]). Whether the conviction is by plea or after trial, all that is required to give effect to the collateral estoppel bar is that there is an identity of issues and that the defendant had a full and fair opportunity to litigate the issue in the criminal action" (*Lili B. v Henry F.,* 235 AD2d 512 [1997]). Those conditions were satisfied here (*see Bazazian v Logatto,* 299 AD2d 433 [2002]; *Lili B. v Henry F., supra; cf. Hughes v Farrey,* 30 AD3d 244, 246-248 [2006], *lv dismissed* 8 NY3d 841 [2007]). Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the first cause of action insofar as asserted against the defendant Peter, Jr.

The plaintiff's remaining contentions are without merit. Spolzino, J.P., Florio, Lifson and Covello, JJ., concur.