■ JAMES DUNNE et al., Respondents, v LISA LLOYD et al., Appellants. [834 NYS2d 864]—In an action to recover damages for personal injuries, etc., the defendant Lisa Lloyd appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Weber, J.), dated February 2, 2006, as granted that branch of the plaintiffs' motion which was for summary judgment against her on the issue of liability, and the defendants Thomas Dodge Corp. of New York and Subaru Acceptance Corporation separately appeal, as limited by their brief, from so much of the same order as granted that branch of the

plaintiffs' motion which was for summary judgment against the defendant Thomas Dodge Corp. of New York on the issue of liability.

Ordered that the appeal by the defendant Subaru Acceptance Corporation is dismissed, without costs or disbursements, as that defendant is not aggrieved by the order appealed from; and it is further,

Ordered that the order is affirmed insofar as appealed from by the defendants Lisa Lloyd and Thomas Dodge Corp. of New York, with one bill of costs payable by the appellants appearing separately and filing separate briefs.

The defendant Lisa Lloyd pleaded guilty to assault in the second degree, and violation of Vehicle and Traffic Law §§ 1111, 1128 (a), and § 1192 (4), for her acts of, inter alia, recklessly driving a car while impaired by drugs and striking the injured plaintiff, causing him to sustain serious personal injuries. The plaintiffs thereafter commenced the instant personal injury action on January 5, 2005, against, among others, Lloyd and Thomas Dodge Corp. of New York (hereinafter Thomas Dodge), which owned the vehicle operated by Lloyd and loaned it to her pursuant to a Subaru service loaner program owner/rental agreement.

The Supreme Court correctly determined that the plaintiffs met their burden of establishing, as a matter of law, that they were entitled to summary judgment against Lloyd on the issue of liability, based upon the doctrine of collateral estoppel (*see Allstate Ins. Co. v Zuk*, 78 NY2d 41, 45 [1991]; *O'Sullivan v Kim*, 29 AD3d 656 [2006]; *Bazazian v Logatto*, 299 AD2d 433 [2002]; *Colby v Crocitto*, 207 AD2d 764 [1994]), and against Thomas Dodge on the ground that, as the owner of the vehicle operated by Lloyd, it was vicariously liable for Lloyd's negligence (*see* Vehicle and Traffic Law § 388; *cf.* 49 USC § 30106 [applicable to actions commenced on or after Aug. 10, 2005]; *Jones v Bill*, 34 AD3d 741 [2006]). In opposition, Lloyd and Thomas Dodge failed to raise a triable issue of fact. Schmidt, J.P., Santucci, Florio and Balkin, JJ., concur.