■ In the Matter of ALBANY MANOR, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [844 NYS2d 52]— Proceeding pursuant to CPLR article 78 to review so much of a determination of the New York State Liquor Authority, dated April 25, 2006, as adopted the findings of an Administrative Law Judge, dated February 14, 2006, made after a hearing, which found that the petitioner violated, inter alia, Alcoholic Beverage Control Law § 106 (5) and issued a 10-day suspension and imposed an $8,000 civil penalty.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

Judicial review of an administrative determination made after a hearing required by law, and at which evidence was taken, is limited to whether that determination is supported by substantial evidence (*see Matter of Jennings v New York State Off. of Mental Health*, 90 NY2d 227, 239 [1997]; *Matter of Superior Officers Assn. of Police Dept. of County of Nassau, Inc. v State of N.Y. Pub. Empl. Relations Bd.*, 23 AD3d 481 [2005]). Substantial evidence has been defined as "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]).

Here, substantial evidence supports the findings of the New York State Liquor Authority that the petitioner sold alcohol after hours, permitted consumption of alcohol on its premises after hours, and allowed dancing to occur on its premises without a New York City Cabaret license (*see* Alcoholic Beverage Control Law § 106 [5]; §§ 118, 54.3). The penalty imposed was not excessive. Accordingly, the determination must be confirmed.

The petitioner's remaining contention is without merit. Spolzino, J.P., Krausman, Fisher and Angiolillo, JJ., concur.