■ JOSEPH MAIELLO, JR., Respondent, v JASON KIRCHNER, Appellant. [949 NYS2d 200]—

In an action to recover damages for personal injuries, the defendant appeals (1) from an order of the Supreme Court, Suffolk County (Jones, Jr., J.), dated April 25, 2011, which granted the plaintiff's motion for summary judgment on the issue of liability, and (2), as limited by his brief, from so much of an order of the same court dated September 6, 2011, as, upon renewal and reargument, adhered to the original determination granting the plaintiff's motion for summary judgment on the issue of liability.

Ordered that the appeal from the order dated April 25, 2011, is dismissed, as that order was superseded by the order dated September 6, 2011, made upon renewal and reargument; and it is further,

Ordered that the order dated September 6, 2011, is reversed insofar as appealed from, on the law, with costs, upon renewal and reargument, the order dated April 25, 2011, is vacated, and the plaintiff's motion for summary judgment on the issue of liability is denied.

The plaintiff commenced this action to recover damages for personal injuries sustained when the defendant allegedly lost his balance and grabbed the plaintiff, causing the plaintiff to fall from an elevated porch in front of the plaintiff's house. In a related criminal prosecution based on the same incident, the defendant pleaded guilty to assault in the third degree on the condition that he would be placed on interim probation supervision upon the successful completion of which the district attorney would consent to a motion by the defendant to vacate the plea and would amend the charge to harassment in second degree in violation of Penal Law § 240.26 (1). After the defendant entered his conditional plea of guilty to assault in the third degree, the plaintiff moved for summary judgment on the issue of liability, seeking to invoke the doctrine of collateral estoppel to bar the defendant from relitigating the issue of his liability. In an order dated April 25, 2011, the Supreme Court granted the plaintiff's motion for summary judgment on the issue of li-

ability, finding, among other things, that the defendant's allocution in the related criminal matter established his civil liability for recklessly causing the plaintiff's personal injuries.

The defendant moved for leave to renew and reargue, asserting, among other things, that he had successfully completed his interim probation supervision, that his conditional plea of guilty to assault in the third degree had been vacated, and that he had entered a plea of guilty to a charge of harassment in the second degree, a noncriminal violation which should not be given collateral estoppel effect. In an order dated September 6, 2011, the Supreme Court, upon renewal and reargument, adhered to its original determination in the order dated April 25, 2011.

"Where a criminal conviction is based upon facts identical to those in issue in a related civil action, the plaintiff in the civil action can successfully invoke the doctrine of collateral estoppel to bar the convicted defendant from relitigating the issue of his liability" (*McDonald v McDonald*, 193 AD2d 590, 590 [1993]; *see D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 664 [1990]; *City of New York v College Point Sports Assn., Inc.*, 61 AD3d 33, 42 [2009]), regardless of whether the conviction resulted from a plea or a trial (*see County of Suffolk v All County Paving Corp.*, 66 AD3d 630 [2009]; *Lili B. v Henry F.*, 235 AD2d 512 [1997]). "The party seeking the benefit of collateral estoppel bears the burden of proving that the identical issue was necessarily decided in the prior proceeding, and is decisive of the present action" (*City of New York v College Point Sports Assn., Inc.*, 61 AD3d at 42; *see Buechel v Bain*, 97 NY2d 295, 304 [2001], *cert denied* 535 US 1096 [2002]). "The party against whom preclusion is sought bears the burden of demonstrating the absence of a full and fair opportunity to contest the prior determination" (*City of New York v College Point Sports Assn., Inc.*, 61 AD3d at 42).

Here, the Supreme Court erred in finding that proof of the defendant's conditional plea of guilty to assault in the third degree was sufficient to satisfy the plaintiff's initial burden in seeking to invoke the doctrine of collateral estoppel. While the defendant's allocution during his conditional plea of guilty was sufficient to satisfy the "identity of issue" requirement (*see City of New York v College Point Sports Assn., Inc.*, 61 AD3d 33 [2009]; *Dunne v Lloyd*, 40 AD3d 685, 686 [2007]; *Blaich v Van Herwynen*, 37 AD3d 387 [2007]; *Bazazian v Logatto*, 299 AD2d 433, 434 [2002]), the plaintiff failed to demonstrate that the issue of liability was necessarily decided by reason of the conditional plea. "Collateral estoppel can only be invoked when there is finality, i.e., a judgment of conviction" (*People v Evans*,

72 AD2d 751, 752 [1979]; *see generally Ryan v New York Tel. Co.*, 62 NY2d 494, 500 [1984]; *Calder v 731 Bergan, LLC*, 83 AD3d 758, 759 [2011]). "It is elementary that there is no judgment until sentence has been imposed" (*People v Evans*, 72 AD2d at 752). When the defendant was placed on interim probation supervision in exchange for his plea of guilty to assault in the third degree, sentencing was adjourned (*see* CPL 390.30 [6]). As the plaintiff failed to demonstrate that a judgment had been entered against the defendant on the charge of assault in the third degree, he failed to satisfy his initial burden of demonstrating that the issue of liability was necessarily decided by reason of the defendant's plea of guilty to that charge, such that the plea should be given collateral estoppel effect.

However, the Supreme Court properly determined that proof of the defendant's plea of guilty to harassment in the second degree, upon which a judgment of conviction was entered, was sufficient to satisfy the plaintiff's initial burden of demonstrating that the issue of liability was necessarily decided in the related criminal proceeding (*see Dunne v Lloyd*, 40 AD3d at 686; *Blaich v Van Herwynen*, 37 AD3d 387 [2007]). In response, the defendant satisfied his burden of demonstrating "the absence of a full and fair opportunity to contest the prior determination" (*City of New York v College Point Sports Assn., Inc.*, 61 AD3d at 42; *see Buechel v Bain*, 97 NY2d at 304). Under the circumstances of this case, in which the defendant ultimately pleaded guilty to harassment in the second degree, a noncriminal violation, the defendant no longer had the same incentive to contest the charge against him and it cannot be said that he was given a full and fair opportunity to litigate the issue of liability (*see Gilberg v Barbieri*, 53 NY2d 285, 291-294 [1981]). Accordingly, the Supreme Court erred in determining that the defendant was collaterally estopped from litigating the issue of liability in the instant action by reason of the related criminal proceeding.

Furthermore, the remaining proof submitted by the plaintiff in support of his motion failed to establish, as a matter of law, that he was free from comparative negligence. The plaintiff's own testimony created a triable issue of fact as to whether he contributed to the defendant losing his balance on the porch. Accordingly, the plaintiff failed to make a prima facie showing that he was free from comparative fault (*see Thoma v Ronai*, 82 NY2d 736, 737 [1993]; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]), and such failure requires the denial of the plaintiff's motion for summary judgment, regardless of the sufficiency of the defendant's opposition papers on that issue (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Dillon, J.P., Leventhal, Austin and Roman, JJ., concur.