■ In the Matter of SHERWYN TOPPIN MARKETING CONSULTANTS, INC., Doing Business as TEMPTATIONS TAVERN, Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [958 NYS2d 794]—

Proceeding pursuant to CPLR article 78 to review a determination of the New York State Liquor Authority dated November 2, 2011, which adopted the recommendation of an administrative law judge dated June 13, 2011, made after a hearing, sustaining charges that the petitioner had violated Alcoholic Beverage Control Law §§ 106 (5) and 118 (1) and (3) and rule 36.1 (q) of the Rules of the New York State Liquor Authority (9 NYCRR 53.1 [q]), and cancelled the petitioner's liquor license.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

On March 17, 2011, the respondent, the New York State Li-

quor Authority (hereinafter the SLA), commenced an administrative enforcement proceeding (hereinafter the SLA proceeding) against the petitioner to cancel or revoke its on-premises liquor license due to its alleged violation of, inter alia, Alcoholic Beverage Control Law §§ 106 (5) and 118 (1) and (3) and rule 36.1 (q) of the Rules of the New York State Liquor Authority. The SLA alleged, among other things, that the petitioner sold alcoholic beverages during prohibited hours of sale on April 17, 2010 (Charge No. 5), permitted the consumption of alcoholic beverages on its premises more than one half-hour after the start of prohibited hours of sale of alcoholic beverages on April 17, 2010 (Charge No. 6), January 23, 2011 (Charge No. 10), and February 12, 2011 (Charge No. 12), caused a continuing pattern of noise, disturbance, misconduct, or disorder at its premises which adversely affected the health and welfare of the neighborhood on and before March 17, 2011 (Charge No. 13), and that its premises became a focal point for police attention on and before March 9, 2011, due to the occurrence of noise, disturbance, misconduct, and disorder in front of the premises or in its parking lot (Charge No. 14).

At approximately the same time, the City of New York commenced an action (hereinafter the nuisance action) in the Supreme Court, Kings County, alleging that the premises, which was owned by the petitioner and operated as a nightclub known as Temptations, constituted a public nuisance pursuant to Administrative Code of the City of New York § 7-703 (hereinafter the nuisance abatement law) due to events which transpired at the premises on, among other dates, April 17, 2010, January 22, 2011, February 12, 2011, and March 5, 2011. The SLA was named as a defendant in the nuisance action in compliance with Alcoholic Beverage Control Law § 124.

After conducting a hearing in the nuisance action, the Supreme Court issued an interim order dated April 4, 2011. In the interim order, the court found that the City had not established by clear and convincing evidence that the petitioner violated the nuisance abatement law or any provision of the Alcoholic Beverage Control Law and had proven only one incident involving the after-hours consumption of an alcoholic beverage. The court issued a final order in the nuisance action dated June 15, 2011, which was consistent with the interim order.

In the SLA proceeding, an administrative law judge held a hearing. In a written determination dated June 13, 2011, the administrative law judge found there was substantial evidence submitted by the SLA to sustain Charge Nos. 5, 6, 10, 12, 13,

and 14. The petitioner submitted a controversion of the administrative law judge's findings with respect to the charges which were sustained. On November 2, 2011, the SLA made a final determination, which adopted the administrative law judge's recommendation as to the charges and cancelled the petitioner's liquor license. The petitioner commenced this proceeding pursuant to CPLR article 78 to review the SLA's final determination.

Contrary to the petitioner's contention, the administrative law judge's determination in the SLA proceeding was not barred by the doctrines of res judicata and collateral estoppel.

Res judicata "precludes a party from litigating 'a claim where a judgment on the merits exists from a prior action between the same parties involving the same subject matter' " (*Matter of Josey v Goord*, 9 NY3d 386, 389 [2007], quoting *Matter of Hunter*, 4 NY3d 260, 269 [2005]; *see Landau, P.C. v LaRossa, Mitchell & Ross*, 11 NY3d 8, 13 [2008]). "Under New York's transactional approach to the doctrine of res judicata, 'once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy' " (*Parolisi v Slavin*, 98 AD3d 488, 489 [2012], quoting *O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]). The doctrine applies not only to the parties of record in the first action, but also to those in privity with those parties (*see Parolisi v Slavin*, 98 AD3d at 490).

"The doctrine of collateral estoppel bars relitigation of an issue which has necessarily been decided in a prior action and is determinative of the issues disputed in the present action, provided that there was a full and fair opportunity to contest the decision now alleged to be controlling" (*Capellupo v Nassau Health Care Corp.*, 97 AD3d 619, 621 [2012]; *see Tydings v Greenfield, Stein & Senior, LLP*, 11 NY3d 195, 199 [2008]). "The party seeking the benefit of collateral estoppel bears the burden of proving that the identical issue was necessarily decided in the prior proceeding, and is decisive of the present action" (*City of New York v College Point Sports Assn., Inc.*, 61 AD3d 33, 42 [2009]; *see Buechel v Bain*, 97 NY2d 295, 304 [2001], *cert denied* 535 US 1096 [2002]; *Maiello v Kirchner*, 98 AD3d 481, 482 [2012]). Once that burden is met, the party opposing the application of collateral estoppel "bears the burden of demonstrating the absence of a full and fair opportunity to contest the prior determination" (*City of New York v College Point Sports Assn., Inc.*, 61 AD3d at 42; *see Maiello v Kirchner*, 98 AD3d at 482; *Capellupo v Nassau Health Care Corp.*, 97 AD3d at 621-622).

The doctrines are "generally applicable to quasi-judicial administrative determinations that are 'rendered pursuant to the adjudicatory authority of an agency to decide cases brought before its tribunals employing procedures substantially similar to those used in a court of law' " (*Matter of Josey v Goord*, 9 NY3d at 390, quoting *Ryan v New York Tel. Co.*, 62 NY2d 494, 499 [1984]). However, res judicata should be applied to an administrative determination "only if such application is consistent with the nature of the particular administrative adjudication" (*Matter of Venes v Community School Bd. of Dist. 26*, 43 NY2d 520, 524 [1978]; *see Matter of Josey v Goord*, 9 NY3d at 390).

Moreover, where a party to an action or proceeding is a nominal party and played no role and did not participate, even where the party is named as a plaintiff or defendant, the doctrines of res judicata and collateral estoppel should not be applied (*see Gunzburg v Gunzburg*, 152 AD2d 537, 539 [1989]; *Mayers v D'Agostino*, 87 AD2d 519, 520 [1982], *affd* 58 NY2d 696 [1982]).

Here, the application of the doctrine of res judicata would not be consistent with the function of the SLA, the peculiar necessities of a proceeding to cancel or revoke a liquor license, and the nature of the precise power being exercised by the SLA pursuant to the Alcoholic Beverage Control Law (*see Matter of Josey v Goord*, 9 NY3d at 390; *Matter of Venes v Community School Bd. of Dist. 26*, 43 NY2d at 524). Moreover, neither doctrine applies, since the SLA was simply a nominal party to the nuisance action and was not in privity with the City (*see* Alcoholic Beverage Control Law § 124; *Matter of Juan C. v Cortines*, 89 NY2d 659, 668 [1997]; *Gunzburg v Gunzburg*, 152 AD2d at 539). Further, neither doctrine applies since, in the nuisance action, the Supreme Court placed a higher and different burden of proof upon the City than the substantial evidence standard used in the SLA proceeding (*see Kalra v Kalra*, 149 AD2d 409, 410 [1989]; *Matter of Ross v Town Bd. of Town of Ramapo*, 78 AD2d 656, 657 [1980]).

"Judicial review of an administrative determination made after a hearing required by law, and at which evidence was taken, is limited to whether that determination is supported by substantial evidence" (*Matter of Albany Manor, Inc. v New York State Liq. Auth.*, 44 AD3d 759, 759 [2007]). Substantial evidence has been defined as "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact, and 'is less than a preponderance of the evidence, overwhelming evidence or evidence beyond a reasonable doubt' " (*Matter of Ridge Rd. Fire Dist. v Schiano*, 16 NY3d

494, 499 [2011], quoting *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180-181 [1978]). "The standard demands only that a given inference is reasonable and plausible, not necessarily the most probable" (*Matter of Ridge Rd. Fire Dist. v Schiano*, 16 NY3d at 499 [internal quotation marks and citations omitted]). "[W]here substantial evidence exists" to support a determination being reviewed by the courts, "that determination must be sustained, irrespective of whether a similar quantum of evidence is available to support other varying conclusions" (*Matter of Collins v Codd*, 38 NY2d 269, 270 [1976]).

Here, substantial evidence supports the SLA's determination that, as specified in the charges which were sustained, the petitioner sold alcohol after hours, permitted the consumption of alcohol on its premises after hours, caused a continuing pattern of noise, disturbance, and misconduct which adversely affected the neighborhood, and operated its premises in such a manner that it became a focal point for police attention (*see* Alcoholic Beverage Control Law §§ 106 [5]; 118 [1], [3]; 9 NYCRR 53.1 [q]; *Matter of Albany Manor, Inc. v New York State Liq. Auth.*, 44 AD3d at 759).

Further, the penalty imposed by the SLA is not so disproportionate to the offenses as to be shocking to one's sense of fairness (*see Matter of Cantina El Bukis Corp. v New York State Liq. Auth.*, 46 AD3d 557, 558 [2007]; *Matter of Couples at V.I.P. v New York State Liq. Auth.*, 272 AD2d 615, 616 [2000]).

Accordingly, the SLA's determination must be confirmed, the petition denied, and the proceeding dismissed on the merits. Angiolillo, J.P., Dickerson, Hall and Austin, JJ., concur.