Uy v Hussein (2020 NY Slip Op 05079)





Uy v Hussein


2020 NY Slip Op 05079


Decided on September 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
CHERYL E. CHAMBERS
PAUL WOOTEN, JJ.


2017-11739
 (Index No. 710865/16)

[*1]Mark T. Uy, respondent, 
v
MD A. Hussein, appellant, et al., defendant.


Scahill Law Group P.C., Bethpage, NY (Andrea E. Ferrucci of counsel), for appellant.
Law Offices of James Trainor, P.C., New York, NY, for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant MD A. Hussein appeals from an order of the Supreme Court, Queens County (Salvatore J. Modica, J.), entered September 29, 2017. The order, insofar as appealed from, granted the plaintiff's motion for summary judgment on the issue of liability against the defendant MD A. Hussein.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On April 8, 2016, the plaintiff was walking within the intersection of 65th Place and Laurel Hill Boulevard in Queens, when he was struck by a vehicle operated by the defendant MD A. Hussein. The plaintiff thereafter commenced the instant action to recover damages for personal injuries. After joinder of issue, Hussein pleaded guilty in the Queens Criminal Court to assault in the third degree in violation of Penal Law § 120.00(3) in a criminal action that arose out of the subject accident. The plaintiff then moved in the instant action for summary judgment on the issue of liability against Hussein based on the doctrine of collateral estoppel. In an order entered September 29, 2017, the Supreme Court, inter alia, granted the plaintiff's motion. Hussein appeals.
We agree with the Supreme Court's determination that the plaintiff met his burden of establishing, prima facie, that he was entitled to summary judgment on the issue of liability against Hussein based on the doctrine of collateral estoppel (see Dunne v Lloyd, 40 AD3d 685, 686; Blaich v Van Herwynen, 37 AD3d 387, 388). In opposition, Hussein failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). Contrary to Hussein's contention, the plaintiff was not required to demonstrate, prima facie, his freedom from comparative fault in order to be awarded summary judgment on the issue of liability (see Rodriguez v City of New York, 31 NY3d 312, 323).
In light of our determination, we need not reach Hussein's remaining contention.
SCHEINKMAN, P.J., BALKIN, CHAMBERS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court