Kuznitz v Funk (2020 NY Slip Op 05896)





Kuznitz v Funk


2020 NY Slip Op 05896


Decided on October 21, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 21, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2018-02278
 (Index No. 23007/13)

[*1]Susan Kuznitz, et al., appellants,
v
Rhonda Funk, etc., respondent.


Goidel & Siegel, LLP, New York, NY (Andrew Siegel of counsel), for appellants.
Jeffrey I. Schwimmer, New York, NY, for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Queens County (Chereé A. Buggs, J.), entered January 8, 2018. The order denied the plaintiffs' motion for summary judgment on the issue of liability as to the causes of action alleging assault and battery.
ORDERED that the order is affirmed, with costs.
This action was commenced by Susan Kuznitz and her daughter, Nicole Kuznitz, alleging assault, battery, and intentional infliction of emotional distress against Susan's brother, Richard Kamine, in connection with an incident that occurred on January 10, 2013. Kamine died in 2014, and the executor of his estate was substituted as the defendant.
In August 2017, the plaintiffs moved for summary judgment on the issue of liability as to the causes of action alleging assault and battery. The Supreme Court denied the motion, and the plaintiffs appeal.
We agree with the Supreme Court's determination to deny the plaintiffs' motion, as the plaintiffs failed to establish their prima facie entitlement to judgment as a matter of law as to the causes of action alleging assault and battery. "To sustain a cause of action to recover damages for assault, there must be proof of physical conduct placing the plaintiff in imminent apprehension of harmful contact. To recover damages for battery, a plaintiff must prove that there was bodily contact, that the contact was offensive, and that the defendant intended to make the contact without the plaintiff's consent" (Bastein v Sotto, 299 AD2d 432, 433).
Contrary to the plaintiffs' contention, they did not establish their causes of action alleging assault and battery through collateral estoppel. Collateral estoppel precludes a party from relitigating an issue previously resolved against that party in a prior proceeding in which that party had a full and fair opportunity to contest the decision now said to be controlling (see Buechel v Bain, 97 NY2d 295, 303-304). The party seeking to apply collateral estoppel bears the initial burden of proving that the identical issue was necessarily decided in the prior proceeding, and is decisive of the present action (see id. at 304; Morrow v Gallagher, 113 AD3d 827). "Where a criminal conviction is based upon facts identical to those in issue in a related civil action, the plaintiff in the civil action can successfully invoke the doctrine of collateral estoppel to bar the convicted defendant [*2]from relitigating the issue of his liability" (Maiello v Kirchner, 98 AD3d 481, 482 [internal quotation marks omitted]).
Kamine pleaded guilty to the charge of harassment in the second degree (Penal Law § 240.26[1]). Collateral estoppel may apply to preclude relitigation of the facts underlying a conviction, upon a plea of guilty, to harassment in the second degree (see Matter of Bascombe v Bascombe, 32 AD3d 470). Here, however, the plaintiffs failed to meet their burden of establishing that the identical issue was decided in the prior proceeding. The facts admitted to by Kamine at the plea proceeding do not establish liability for the civil claims of assault and battery alleged in this action (see Timothy Mc. v Beacon City Sch. Dist., 127 AD3d 826, 829; Cerilli v Kezis, 16 AD3d 363). In his plea allocution, Kamine gave no account of the alleged events, and the court refused to direct Kamine to allocute to a "physical altercation" with the plaintiffs. Accordingly, collateral estoppel does not apply to preclude litigation in this action of the causes of action alleging assault and battery (see Maiello v Kirchner, 98 AD3d 481).
While depositions alone may be sufficient to establish prima facie entitlement to judgment as a matter of law on the issue of liability (see Rodriguez v Ryder Truck, Inc., 91 AD3d 935), the deposition testimony submitted herein does not establish the plaintiffs' prima facie entitlement to judgment as a matter of law on the causes of action alleging assault and battery.
Large portions of the plaintiffs' depositions are precluded under CPLR 4519, the Dead Man's Statute. CPLR 4519 provides: "Upon the trial of an action . . . a party or a person interested in the event . . . shall not be examined as a witness in his [or her] own behalf or interest . . . against the executor . . . of a deceased person . . . concerning a personal transaction or communication between the witness and the deceased person . . . except where the executor . . . so deriving title or interest is examined in his [or her] own behalf, or the testimony of the . . . deceased person is given in evidence, concerning the same transaction or communication."
"The policy of the statute excludes the evidence of an interested witness concerning, 1st: Any transaction between himself and a deceased person, or in which the witness in any manner participated; 2d: All communications between the person deceased and the witness, including communications in the presence or hearing of the witness, if he in any way was a party thereto, or communications to either one of two or more persons, if all were interested" (Holcomb v Holcomb, 95 NY 316, 326). Thus, portions of the plaintiffs' depositions are excluded, as each plaintiff is "a party or a person interested in the event" (CPLR 4519; see Smith v Kuhn, 221 AD2d 620, 621).
By its terms, CPLR 4519 may not be asserted or waived until the trial (see Phillips v Kantor & Co., 31 NY2d 307, 313), so that "[e]vidence, otherwise relevant and competent upon a trial or hearing, but subject to exclusion on objection under the Dead Man's Statute, should not predetermine the result on summary judgment in anticipation of the objection" (id. at 310). Indeed, "[i]t is always possible that the incompetency will be waived at the trial, or the door opened, by design, or by inadvertence" (id. at 314 [internal quotation marks omitted]). Accordingly, evidence excludable at trial under CPLR 4519 may be considered in opposition to a motion for summary judgment (see Phillips v Kantor & Co., 31 NY2d at 314).
However, such evidence should not be used to support a motion for summary judgment (see id. at 313; Wright v Morning Star Ambulette Servs., Inc., 170 AD3d 1249; Beyer v Melgar, 16 AD3d 532). This comports with the fundamental purpose of the statute, which is to protect the estate of a decedent from claims of the living who, through their own perjury, could make factual assertions which the decedent cannot refute in court (see Poslock v Teacher's Retirement Board of Teachers' Retirement System, 88 NY2d 146, 151). Here, therefore, the plaintiffs may not use the excludable deposition testimony to support their motion.
We agree with the plaintiffs' contention that CPLR 4519 does not prohibit them from using testimony concerning events independent from personal transactions with Kamine (see Matter of Wood, 52 NY2d 139, 146; Durazinski v Chandler, 41 AD3d 918). Here, however, the independent facts to which they testified are insufficient to establish the plaintiffs' prima facie entitlement to judgment as a matter of law.
An executor does not waive any rights to assert the protections of the Dead Man's Statute by engaging in discovery (see Phillips v Kantor & Co., 31 NY2d at 313; Wall Street Assoc. v Brodsky, 295 AD2d 262). Insofar as the defendant's deposition testimony opened the door to testimony regarding the specifics of the alleged incident, CPLR 4519 was not waived by using excludable deposition testimony to oppose summary judgment (see Silvestri v Iannone, 261 AD2d 387).
The remaining admissible evidence submitted by the plaintiffs failed to establish their prima facie entitlement to judgment as a matter of law. The plaintiffs' failure to make a prima facie showing requires denial of the motion, regardless of the sufficiency of the opposing papers (see Alvarez v Prospect Hospital, 68 NY2d 320, 324; Lorde v Margaret Tietz Nursing and Rehabilitation Center, 162 AD3d 878).
SCHEINKMAN, P.J., LASALLE, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court