Matter of Stephanie R. v Walter Q. (2022 NY Slip Op 00219)





Matter of Stephanie R. v Walter Q.


2022 NY Slip Op 00219


Decided on January 13, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:January 13, 2022

527990
[*1]In the Matter of Stephanie R., Respondent,
v
Walter Q., Appellant.

Calendar Date:December 15, 2021

Before:Egan Jr., J.P., Clark, Pritzker and Colangelo, JJ.

John A. Cirando, Syracuse, for appellant.
Thaler & Thaler PC, Ithaca (Thomas D. Cramer of counsel), for respondent.
Andrea J. Mooney, Ithaca, attorney for the child.



Egan Jr., J.P.
Appeal from an order of the Supreme Court (Cassidy, J.), entered October 22, 2018 in Tompkins County, which, in a proceeding pursuant to Family Ct Act article 8, among other things, granted petitioner's motion for summary judgment.
As set forth in our decision in a related matter (Matter of Walter Q. v Stephanie R., ___ AD3d ___ [2022] [decided herewith]), petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of a child (born in 2014). The mother was granted sole legal and primary physical custody of the child and, in May 2018, a temporary order of protection was issued that directed the father to, among other things, stay away from the mother's residence. In July 2018, the father was arrested by sheriff's deputies at the mother's residence and, a day later, the mother commenced the present family offense proceeding alleging that he had willfully violated the terms of the May 2018 order of protection. The father was subsequently found guilty of criminal contempt in the second degree following a jury trial, prompting the mother to move for summary judgment in this proceeding upon the ground that the criminal conviction should be accorded preclusive effect. Prior to sentencing defendant upon his criminal conviction, Supreme Court rendered a decision from the bench granting the mother's motion. The father appeals from the ensuing order.
Summary judgment is an appropriate vehicle for resolving family offense "proceedings where no triable issues of fact exist," and the mother argued that such was the case here based upon the father's criminal conviction and principles of collateral estoppel (Matter of Doe, 47 AD3d 283, 285 [2007], lv denied 10 NY3d 709 [2008]; see Matter of Suffolk County Dept. of Social Servs. v James M., 83 NY2d 178, 182 [1994]; Matter of Craig O. v Barbara P., 118 AD3d 1068, 1071 [2014]). "Collateral estoppel comes into play when four conditions are fulfilled:
(1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and decided, (3) there was a full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits" (Conason v Megan Holding, LLC, 25 NY3d 1, 17 [2015] [internal quotation marks and citations omitted]; see Matter of Lilliana K. [Ronald K.], 174 AD3d 990, 990-991 [2019]; Matter of Tavianna CC. [Maceo CC.], 99 AD3d 1132, 1133 [2012], lv denied 20 NY3d 856 [2013]; Matter of Doe, 47 AD3d at 285). It is undisputed that the criminal trial afforded the father a full and fair opportunity to litigate the issue presented in this proceeding, namely, whether he intentionally and willfully violated the terms of the May 2018 order of protection by going to the mother's residence in July 2018, and that the jury decided that issue against him when it convicted him of criminal contempt in the second degree (see Penal Law § 215.50 [3]). The [*2]father nevertheless argues that the mother failed to establish that the issue was necessarily resolved against him, pointing out that the jury verdict had not yet been reduced to a final judgment of conviction via "imposition and entry of the sentence" at the time of her motion and that it is the judgment, not the verdict, that finally decides and precludes relitigation of an issue (CPL 1.20 [15]; see Maiello v Kirchner, 98 AD3d 481, 482-483 [2012]; Gadani v DeBrino Caulking Assoc., Inc., 86 AD3d 689, 692 [2011]; Church v New York State Thruway Auth., 16 AD3d 808, 810 [2005]; People v Evans, 72 AD2d 751, 752 [1979]).
We disagree. Although the father is correct that collateral estoppel does not, as a rule, apply "when no order or final judgment has been entered on a verdict" (Church v New York State Thruway Auth., 16 AD3d at 810; see Maiello v Kirchner, 98 AD3d at 482-483), that rule is only aimed at ensuring that "an irrevocable and final decision" exists (Bannon v Bannon, 270 NY 484, 490 [1936]). Accordingly, "if finality [in the prior matter] is clear, the source of it should be secondary" and will not bar the application of collateral estoppel (David D. Siegel & Patrick M. Connors, NY Prac § 444 [6th ed 2018]; see Bannon v Bannon, 270 NY at 491; Sabatino v Capco Trading, Inc., 27 AD3d 1019, 1020 [2006]). Supreme Court confirmed on the bench that it had planned on sentencing the father before addressing the mother's motion — thereby reducing the verdict to a final judgment — and that the only reason it did not do so was because the prosecutor handling the criminal matter had been delayed by another court appearance. Thus, as "finality of the issue was clear" when Supreme Court decided the mother's motion despite the absence of a formal judgment of conviction, summary judgment on collateral estoppel grounds was appropriate (Sabatino v Capco Trading, Inc., 27 AD3d at 1020).
To the extent that they are properly presented for our review, the father's remaining arguments have been rendered academic by the foregoing.
Clark, Pritzker and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.